## 62144. SANDS et al. v. LAMAR PROPERTIES, INC.

BIRDSONG, Judge.

Motion to Dismiss Appeal. The twelve named appellants are trustees of the real property of Steward Chapel African Methodist Episcopal Church. Steward Chapel is the owner of certain real property in Macon. Lamar is the sublessee. The church leased this property in August, 1959 for a term of 20 years with right of renewal. Between August, 1959 and October, 1962 the lease was assigned through intermediate lessees to the appellee Lamar Properties. Lamar erected a substantial building on the leased land. The lease provided for six (6) ten-year lease renewals at the expiry of the original 20-year term. The rental was to be recomputed at the time of the renewals based upon an application of the Consumer Price Index. In January, 1979 Lamar indicated its intent to exercise its right to the first ten-year renewal by written communication to Steward Chapel. Lamar submitted an increased rental (from $150 per month to $364.65) based upon an application of the current CPI in comparison with that of 1959. Steward Chapel brought a declaratory judgment action seeking a declaration of rights under the lease, contending that the rental adjustment portions of the lease were vague, indefinite and unenforceable notwithstanding the Church had accepted rental payments for twenty years under that lease. Lamar sought a counter declaratory judgment concerning its rights under the lease in view of the building it had erected on the property.

The trial court entered a pretrial order in October, 1980 seeking to refine any issues of fact and offering the parties a jury trial of those issues. The parties did not contest the facts and the trial court conducted a hearing on the declaratory petitions in December, 1980. In its order granting declaratory judgment to Lamar Properties, the trial court declared the lease validly to have been renewed. It stated in its order that the facts were not in dispute and the only issue between the parties was their differing contention of the legal conclusions based upon the undisputed facts. The declaratory judgment was entered on December 22, 1980. Appellants, trustees of Steward Chapel, submitted a motion for new trial, as amended, on January 21, 1981. This motion for new trial was denied on January 29, 1981. Appellants filed their notice of appeal on March 2, 1981, a timely filing within the required thirty days following the denial of

the motion for new trial inasmuch as the 30 days expired on a Saturday. Appellee Lamar, however, has moved this court for a dismissal of the appeal on the ground that the notice of appeal was filed more than 30 days after the entry of final judgment (the declaratory judgment) on December 22, 1980 and that the filing of a motion for new trial did not have the effect of extending the time within which to file the notice of appeal. Lamar's contention is the entry of declaratory judgment was a determination of law based upon uncontested facts (the same as a summary judgment) and therefore like a summary judgment was not amenable to a motion for new trial which traditionally contemplates, in essence, a reconsideration of issues of fact leading to a verdict, or of errors of law which lead a fact finder to an erroneous verdict. *Held:*

The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court. *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530); *Camp v. Hamrick,* 139 Ga. App. 61 (228 SE2d 288). Steward Chapel's notice of appeal was not filed within 30 days of the entry of declaratory judgment and unless the motion for new trial was a proper vehicle to extend the time for filing the notice of appeal, the notice filed in this case was not timely filed and deprives this court of any jurisdiction to consider this case on the merits of the appeal. *Lewis & Sheron Enterprises v. Great A & P Tea Co.,* 136 Ga. App. 910 (222 SE2d 659).

The parties are in agreement that a declaratory judgment is such a final judgment that a notice of appeal may be taken therefrom. The only real procedural issue is whether the motion for new trial tolled the running of the 30 days in which to file a notice of appeal therefrom. Appellant trustees of Steward Chapel argue that there were issues of fact as to the proper application of the CPI because there had been so many changes in the manner of calculating the CPI between the date of the lease in 1959 and the time of the renewal of the lease in 1979. The trial court in its order granting declaratory judgment to Lamar stated that the facts were undisputed and no factual issues were involved in the judgment. Our examination of the record convinces us that what appellants argue as contested facts are in reality the trial court's conclusions of legal results emanating from the undisputed facts. While appellant may disagree with the trial court's legal conclusions, we are constrained to conclude that appellant has pursued the wrong channel of appeal. " 'Objections which go to the judgment only, and do not extend to the verdict, cannot properly be made grounds of a motion for new trial. A motion for new trial seeks to set aside the verdict. No new trial is necessary to correct a judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time.' "

*Barber v. Barber,* 157 Ga. 188 (1) (121 SE 317). In the *Barber* case, involving a testamentary trust, the case proceeded to final trial, during which the parties agreed that the issues and matters presented were largely, if not wholly, for determination by the trial judge. The case was presented to the trial court for determination. The court directed a verdict for the plaintiff as to an injunction but at the same time removed the plaintiff as trustee and appointed a receiver. Plaintiff then inadvisedly moved for a new trial. We see great similarity in the proceedings of this case and the *Barber* case.

Appellants also advance a novel contention based upon the fact that the court dismissed Count 2 and at the same time entered declaratory judgment as to the other count. Appellee Lamar in its motion to dismiss concerns itself only with the declaratory judgment. Thus appellants argue that the motion to dismiss the appeal should be so limited and that their appeal as to the dismissed Count 2 is not governed by the motion to dismiss the appeal and remains viable at least as to that issue. We summarily reject such a contention. In the first place the action dismissing Count 2 involved only questions of law and was therefore not subject to motion for new trial. Secondly, Count 2 was dismissed on December 22, 1980 and the notice of appeal was not filed until March 2, 1981, over 58 days after the entry of the final judgment, well after the 30 days allowed for filing the notice of appeal.

Appellee argues that under the peculiar circumstances of this case in which the trial court entered the declaratory judgment upon uncontested facts and simply interpreted those facts and applied the law thereto, the same law should apply to this case as is applied to a summary judgment. The logic of that argument is most persuasive. The one principal factor that distinguishes a summary judgment from a procedural motion to dismiss a pleading without trial is the consideration by the trial court of evidence. *Newsrack Supply v. Heinle,* 127 Ga. App. 843 (195 SE2d 193). Moreover, because the grant of summary judgment is a judgment on the merits (see *Resolute Ins. Co. v. Norbo Trading Corp.,* 118 Ga. App. 737 (165 SE2d 441)), it is manifest that it is a factual as well as a legal resolution by the trial court, and requires that each party on motion for summary judgment present their case in full. *Hutchins v. Miller,* 138 Ga. App. 133, 134 (225 SE2d 722). It is equally well settled that a summary judgment cannot be granted if there is any genuine issue of material fact remaining in the case. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). Where there is no genuine dispute of material fact and the admitted facts point to the right of one party to a judgment as a matter of law, then summary judgment is the proper remedy. *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 603 (203 SE2d

173). Because the judgment is one of law and does not involve the factual resolution of a jury verdict, it has been held repeatedly that a motion for new trial is not the proper vehicle to obtain a re-examination of the legal conclusions solely involved in a grant of summary judgment. *Moore v. First Nat. Bank of Atlanta,* 148 Ga. App. 631 (252 SE2d 60); *Dunn v. Lockheed-Georgia Co.,* 143 Ga. App. 66 (237 SE2d 531); *Shine v. Sportservice Corp.,* 140 Ga. App. 355 (231 SE2d 130). The *Shine* case, supra, concluded that because the notice of appeal in that case was not timely filed in relation to the date of the entry of summary judgment, and a motion for new trial could not be used to challenge the propriety of the entry of such a judgment by the trial court, the motion for new trial did not toll the time of appealing. An appeal which is not timely filed properly is subject to dismissal.

The declaratory judgment in this case is in all relevant particulars similar to a grant of summary judgment. The trial court acted upon the admitted facts and as a matter of law resolved the position of the parties under the lease. Though appellants dispute the application of those facts to the law, their proper remedy was a direct appeal to this court, not a challenge to the judgment entered through the vehicle of a motion for a new trial. *Bridges v. Elrod,* 216 Ga. 102 (2) (114 SE2d 874); *Potts v. City of Atlanta,* 140 Ga. 431, 433 (79 SE 110). The notice of appeal having been filed in this case over two months after the entry of the factually undisputed declaratory judgment, this court is without jurisdiction to consider the appeal. Accordingly, the motion of the appellee to dismiss the appeal was appropriately made.

*Appeal dismissed. Shulman, P. J., and Sognier, J., concur.*

Decided September 8, 1981 —
Rehearing denied September 28, 1981 ■

*Charles A. Mathis, Jr.,* for appellants.
*George Grant, Cubbedge Snow,* for appellee.