## 65591. SUNN v. MERCURY MARINE et al.

BIRDSONG, Judge.

Appellant Joseph Sunn appears pro se complaining of the trial court's refusal to set aside or vacate a settlement agreement announced in open court before Sunn's suit against Mercury Marine was submitted to the jury. The record shows that Sunn first retained counsel to represent him in his suit for damages and breach of warranty. Sunn dismissed this counsel. On May 10, 1982, Sunn pro se petitioned the trial court "to set a special hearing date for this case due to the Plaintiff's scheduled overseas trip for business purposes." The trial court accommodated Sunn and scheduled the trial for June 14. On June 2, Sunn pro se demanded a jury trial. A day or two before the trial, Sunn employed a second attorney to represent him at trial. The trial began June 15 and on June 16, Sunn's attorney announced in open court that a settlement had been reached in the amount of $1,000. Sunn was present when this announcement was made, and he offered no objection to it then nor immediately after. The next day, June 17, Sunn called Mercury Marine's attorney and repudiated the settlement. Also on June 17, Sunn's attorney sent him a letter resigning from representation of Sunn in this and other litigation matters. On June 24, the trial court, on rule nisi, ordered entry of the settlement amount and dismissed Sunn's case with prejudice. On June 29, Sunn filed a motion for new trial based on Code Ann. § 24-3339, and he filed a motion to set aside contending that he had not agreed to the settlement and that his attorney was without authority to compromise. These causes were heard on September 24, and denied by the trial court. Sunn pro se filed notice of appeal on October 4 and enumerates ten alleged errors below. *Held:*

1. The appellee Mercury Marine has filed a motion to dismiss Sunn's appeal for failure to file a notice of appeal to this court within 30 days of the June 24 judgment. Mercury Marine contends that in this case neither the motion for new trial nor the motion to set aside is a proper vehicle to toll the time for appeal, citing *Littlejohn v. Tower Assoc.,* 163 Ga. App. 37 (293 SE2d 33); *Sands v. Lamar Properties,* 159 Ga. App. 718, 719 (285 SE2d 24); and *Bullock v. Grogan,* 139 Ga. App. 97 (227 SE2d 894). Mercury Marine contends no nonamendable defect appears on the face of the record so as to warrant sustaining a motion to set aside (OCGA § 9-11-60 (d) (Code Ann. § 81A-160)), and that the motion for new trial, not being based on a *jury* verdict, cannot be sustained.

In *Sands,* the motion for new trial attacked a judgment of law only which, like a summary judgment (where the trial court does not determine the facts but only determines as a matter of law that there

are no material issues of fact) is addressable by this court on appeal and not amenable to a motion for new trial but must be directly appealed within 30 days.

The appellant Sunn was entitled to attack the judgment in the trial court that rendered it. The defect he alleged was a factual circumstance and its merit could only be reached upon a determination of fact, which is an issue for the trial forum and not within the jurisdiction of the appellate courts in the first place. If Sunn had made direct appeal to this court within 30 days of the "consent" judgment, we would have no jurisdiction to determine the factual questions. The judgment was still in the breast of the trial court during the same term, and in successive terms of court if excepted to during the term and regularly continued thereafter. *Martin v. General Motors Corp.,* 226 Ga. 860, 862 (178 SE2d 183); *American Mut. Liability Ins. Co. v. Satterfield,* 88 Ga. App. 395 (76 SE2d 730). While the judgment is in the breast of the court, the trial court may in its sound discretion set it aside, even on a motion to set aside where there are no nonamendable defects on the face of the record. *Martin,* supra. Moreover, in all applications for a new trial on grounds not provided for in the Code, the trial court may, in the exercise of sound discretion, grant or refuse the same according to the provisions of the common law and practice of the courts. OCGA § 5-5-25 (Code Ann. § 70-208). Our appellate courts have said many times that an attack which goes to the judgment only and not the "verdict" is not grounds for a new trial (*Hensel Phelps Construction Co. v. Johnson,* 164 Ga. App. 404 (298 SE2d 261); *Barber v. Barber,* 157 Ga. 188 (1) (121 SE 317)). We have not meant by this to limit the availability of a motion for new trial to *jury* trials, but only to the determination of substantive facts by the fact finder; and where a question of substantive fact (as distinguished from a decision of law) is submitted to the judge for trial, without the intervention of a jury, his decision as to the facts is as binding upon the parties as a verdict and may be set aside under the same rules as apply to the vacating of the finding of a jury. *Carter v. State,* 56 Ga. 463 (1). See OCGA § 9-11-52 (b) (Code Ann. § 81A-152). See also *Brown v. Fulton County Dept. of Family &c. Services,* 136 Ga. App. 308, 310 (220 SE2d 790).

The reason for the rule that a motion for new trial must go to the findings of fact (see OCGA § 9-11-52 (Code Ann. § 81A-152)), is that a new trial is necessarily authorized only where errors occurred which might have affected the finding of the trier of fact (*Berry v. Clark,* 117 Ga. 964, 968 (44 SE 824)). Where it is only the *judgment thereon* which is alleged to be erroneous or illegal, this alludes to a matter of law only and there is no need for a new trial, but the party must

merely take direct exception at the proper time.

What would be the "proper time" to take exception to the judgment in a case like this, where the attack goes to the factual circumstances of the announcement of a settlement and judgment rendered thereon, requires an examination and evaluation of the facts themselves. To characterize an attack on a judgment based solely upon the announcement in court of a settlement as an attack on the "judgment" only and not upon the "verdict" would merely be semantical. In this case the appellant seemingly made an attack upon the judgment as it was found upon the mere announcement of settlement. In essence, however, he alleges the judgment was contaminated by fraud, accident, or mistake. It was not essential that he file a separate proceeding in equity (OCGA § 9-11-60 (e) (Code Ann. § 81A-160)) when the matter was still in the breast of the court and was subject to the sound discretion of the trial court to reconsider. *Martin,* supra. OCGA § 9-11-8 (f) (Code Ann. § 81A-108) provides: "All pleadings shall be so construed as to do substantial justice." "[W]e have said times without number that there is no magic in nomenclature, and in classifying pleadings we will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name." *Holloway v. Frey,* 130 Ga. App. 224, 227 (3) (202 SE2d 845).

The appellant Sunn moved promptly, and apparently in the same term, to make his attack on the judgment; the judgment was still in the breast of the court. The trial court was mandated to construe his pleadings so as to serve their function and do substantial justice (OCGA § 9-11-8 (f) (Code Ann. § 81A-108)), and was vested with discretion to consider the pleadings filed, by whatever name, according to the defect alleged, whether there was no nonamendable defect on the face of the record *(Martin,* supra); where an intrinsic defect not on the face of the record is alleged and whether judgment was rendered by judge, jury, or consent; or whether the judgment was based on fraud, accident or mistake (OCGA § 9-11-60 (c), (d), (e) (Code Ann. § 81A-160)). See *Vaughan v. Car Tapes,* 135 Ga. App. 178, 180 (1) (217 SE2d 436), and *Holloway,* supra.

The trial court thus did not err in hearing appellant Sunn's attack on the judgment; the matter was still in the breast of the trial court, and the proceedings tolled the time for appeal to this court. It would be inappropriate and would do violence to this court's constitutional jurisdictional boundaries to say otherwise, because the defect alleged by Sunn in attacking the settlement judgment was a matter for factual determination by a trial court and was not a proper matter for determination by this court on appeal. The trial court was correct in hearing the attack; if it had refused to hear the matter, it

570

would have erred. We therefore decline to dismiss this appeal.

2. The trial court did not err, however, in sustaining the judgment. The record and evidence at the hearing on Sunn's attack on the judgment showed that at the trial, when Sunn's attorney announced the settlement, Sunn remained silent and made no objection that his attorney was not authorized to make or announce such a settlement. Sunn's evidence that the attorney had already resigned or had threatened to resign is vague and ambiguous within itself and contradictory to the fact of the attorney's continued appearance and Sunn's failure to object thereto and to the settlement. Sunn's contentions on appeal that the attorney was only hired in the first place as a "consultant," and that Sunn was really representing himself and the attorney had no authority to engage in settlement and compromise, conflict with Sunn's testimony that he did not object when the settlement was announced because he did not know he should have objected and did not know what was happening. Factual discrepancies aside, a litigant pro se will never be heard to contend he does not know the rules of law and should therefore be excused for his failure to observe them. The evidence before us in the record is undisputed that the attorney did try the case and represented Sunn in court without any complaint to the court by Sunn that the attorney was not so authorized. Sunn was not entitled to assume and allege, as a fact, his own perception that the adverse attorney and party "knew" Sunn did not agree to the settlement and that he had relieved his attorney; and the introduction of these persons' affidavits to the contrary, even if improper for lack of service and notice to Sunn, was therefore harmless in fact and in law. The trial court did not err in sustaining the judgment on the facts properly in evidence. *Davis v. Davis,* 245 Ga. 233 (264 SE2d 177); *Boswell v. Gillen,* 131 Ga. 310 (62 SE 187); *Perkerson v. Reams,* 84 Ga. 298 (10 SE 624); *Caldwell v. McWilliams,* 65 Ga. 99; *Tinsley v. Beeler,* 134 Ga. App. 514 (215 SE2d 280).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 18, 1983 —
REHEARING DENIED MAY 11, 1983 —

Joseph Sunn, pro se.
*Nill V. Toulme,* for appellees.