### 43165. PILLOW v. SEYMOUR.
(341 SE2d 447)

GREGORY, Justice.

James Pillow filed suit against Charles Seymour seeking dissolution of a partnership and an accounting for partnership profits. The trial court granted Seymour's motion to dismiss for failure to state a claim. We dismiss this appeal as untimely.

Pillow and Seymour were partners in a grocery business and in the operation of a piece of heavy equipment known as a crawl loader. Due to disagreements between the partners, Pillow filed suit asking for a dissolution of the partnership and other related relief. Seymour counterclaimed for damages. He also filed a motion to dismiss for failure to state a claim which, after efforts to resolve the suit by settle-

ment failed, was granted on the eve of a scheduled trial. *Held*:

The trial court granted the motion to dismiss on February 11, 1985. Pillow filed a motion for new trial on March 12, 1985. The motion was denied and an appropriate order entered on April 17, 1985. Notice of appeal was filed on May 14, 1985. OCGA § 5-6-38 (a) provides: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." Thus, Pillow's notice of appeal was not filed within 30 days of the order granting the motion to dismiss and is untimely unless the motion for new trial was a proper vehicle to extend the time for filing the notice of appeal. See *Sands v. Lamar Properties, Inc.*, 159 Ga. App. 718 (285 SE2d 24) (1981).

OCGA § 9-11-60 provides a motion for new trial must be predicated upon some intrinsic defect which does not appear on the face of the record or pleadings. "It is not proper, therefore, to contest the sufficiency of an opponent's pleadings via motion for new trial." *Johnson v. Cleveland*, 131 Ga. App. 560 (2) (206 SE2d 704) (1974); see *Smith v. Security Mortgage Investors*, 139 Ga. App. 635 (2) (229 SE2d 115) (1976); *Bullock v. Grogan*, 139 Ga. App. 97 (1) (227 SE2d 894) (1976). "[T]he principle that rulings upon pleadings are not subject to review in motions for a new trial is hoary with age, and all courts bow to it reverently." *Guest v. Baldwin*, 104 Ga. App. 809 (4) (123 SE2d 194) (1961).

Where a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing the notice of appeal. See *Sands*, supra (appeal dismissed where trial court ruled on a declaratory judgment as a matter of law); and, *Shine v. Sportservice Corp.*, 140 Ga. App. 355 (231 SE2d 130) (1976) (appeal dismissed where appellant sought review of the grant of a summary judgment with a motion for new trial). Since Pillow's notice of appeal was not filed within the 30 days required by OCGA § 5-6-38 and the motion for new trial did not extend the filing time, the notice of appeal was untimely filed.

*Appeal dismissed. Marshall, C. J., Clarke, P. J., Smith, Weltner and Bell, JJ., concur.*

DECIDED APRIL 9, 1986.

*Thomas J. McHugh, Jr.,* for appellant.

*Timothy N. Skidmore,* for appellee.