A92A2449. BANK SOUTH MORTGAGE, INC. v. STARR et al.
(429 SE2d 700)

BIRDSONG, Presiding Judge.

Bank South Mortgage, Inc. appeals from an order denying the confirmation of four foreclosure sales of property securing loans to Harold H. Starr. Starr Property Management, Inc. was dismissed from the action earlier and is not a party to the appeal. *Held*:

Our first consideration is whether we have jurisdiction over this appeal. Court of Appeals Rule 32 (d); *Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc.*, 167 Ga. App. 257 (306 SE2d 22).

The record shows that, after the trial court entered an order on November 19, 1991, refusing to confirm the foreclosure sales because of irregularities in the sales, on December 19, 1991, Bank South filed a pleading entitled "Motion to Reverse Final Order of November 19, 1991 or To Grant Petitioner a New Trial." When this motion was denied by the trial court on May 14, 1992, Bank South filed a notice of appeal on June 12, 1992, purporting to appeal from the order denying its motion for a new trial and the earlier order denying confirmation of the foreclosure sale. As the notice of appeal was not filed within 30 days of the entry of the order refusing to confirm the foreclosure sale, our jurisdiction depends upon whether the post-trial motion entitled Bank South to an automatic extension of time in which to file its notice of appeal. See OCGA § 5-6-38 (a); *Bigham v. Wright*, 194 Ga. App. 194, 195 (390 SE2d 109).

Since the motion to reverse the final order of the trial court was nothing more than a motion for reconsideration, it would not extend the time in which to file the notice of appeal. *Guthrie v. D. L. Claborn Buick*, 180 Ga. App. 128 (348 SE2d 523). Therefore, the timeliness of Bank South's notice of appeal depends upon the validity of its motion for a new trial.

"A motion for a new trial is a proper means of seeking a retrial or reexamination, in the same court, of an issue of fact, or of some part or portion thereof, after decision by a jury or a decision by the court thereon." (Citation, punctuation and emphasis omitted.) *Gully v. Glover*, 190 Ga. App. 238, 239 (378 SE2d 411). " 'A motion for a new trial goes only to the verdict and reaches only such errors of law and fact as contributed to the rendition of the verdict.' " *Insurance Co. of N. America v. Eunice*, 111 Ga. App. 135 (140 SE2d 918). Of course, mere nomenclature is not controlling as it is the substance and function of a pleading that is determinative and not the title. *Holloway v. Frey*, 130 Ga. App. 224, 227 (202 SE2d 845); *Jones v. Spindel*, 128

Ga. App. 88, 103 (196 SE2d 22). Consideration of Bank South's motion for new trial shows it did not contest factual issues or errors contributing to the verdict, but instead challenged only the trial court's legal conclusions and judgment. Therefore, it was not a proper motion for new trial because challenges to the judgment are not proper grounds for a motion for new trial. *State Farm &c. Ins. Co. v. Yancey*, 188 Ga. App. 8, 9 (371 SE2d 883); *Sands v. Lamar Properties*, 159 Ga. App. 718, 719 (285 SE2d 24).

Although somewhat couched in the general grounds (e.g., the motion asserts that, "the court's order is contrary to law," etc.), Bank South's motion merely asserted arguments attacking the judgment of the trial court. A new trial, however, is unnecessary to correct a judgment or decree. " ' "If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time." ' [Cit.]" *Sands v. Lamar Properties*, supra. This is not to say that motions for new trial are limited to jury trials. See *Gully v. Glover*, supra. These motions also may be used when the court decides the case without a jury, "but only to [challenge] the determination of substantive facts by the fact finder." *Sunn v. Mercury Marine*, 166 Ga. App. 567, 568 (305 SE2d 6). Therefore, this motion was not a valid motion for new trial within the meaning of OCGA § 5-6-38 (a), and did not entitle Bank South to the automatic stay in filing its notice of appeal. *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447); *Bigham v. Wright*, supra.

Accordingly, the notice of appeal was not filed within 30 days of entry of the trial court's judgment denying confirmation of the sale, and this appeal is untimely and must be dismissed. OCGA § 5-6-48 (b) (1); *Pillow v. Seymour*, supra.

*Appeal dismissed. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 18, 1993.

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Wade G. Anderson, Linda S. Finley*, for appellant.

*Culbreth & Sharony, Jackson L. Culbreth, Abraham A. Sharony*, for appellees.

