A02A1010. TURNER v. BYNUM et al.
(564 SE2d 784)

PHIPPS, Judge.
William Waugh Turner III appeals an order of the superior court enforcing a settlement agreement. He argues that the agreement is unenforceable for various reasons. One appellee has moved to dismiss the appeal as untimely. We find that the appeal is timely, but that it lacks merit. We therefore affirm.

Turner and his sisters, appellees Elaine T. Bynum and Alethea Turner,[1] are the surviving beneficiaries of their father's testamentary trust. After the 1998 death of their mother, who had been the trustee, the trust was unrepresented. In February 2000, appellees petitioned the superior court to appoint themselves as successor trustees. Turner intervened and moved to dismiss the petition.

On April 27, 2000, the parties and their attorneys met at the courthouse, apparently to discuss a resolution of the issues. They then appeared in court, where the judge asked if they had reached an agreement. Appellees' attorney responded, "Yes, Your Honor." He explained that the parties had agreed to appoint outside trustees to divide the corpus of the trust if the beneficiaries could not reach a unanimous agreement on an equitable division, and he and Turner's attorney outlined more specifically the terms of the agreement. This explanation of the settlement was transcribed by a court reporter, and the attorneys agreed in open court that the transcript would reflect their agreement until they could submit a written order to the court. Neither Turner nor his attorney objected at any point during the proceedings.

On July 6, 2000, appellees moved to enforce the settlement agreement, complaining that Turner had not cooperated with their efforts to prepare an order for the court. At a November 2 hearing on the motion, Turner testified that some terms of the agreement were vague and undefined, that the parties had not intended it to be final, and that appellees' proposed orders differed from the compromise explained in open court. The trial court orally ruled that the transcript of the April 27 agreement indicated that the agreement was intended to be final, that it was not fatally vague or indefinite, and that it was enforceable. On November 27, the court entered an "Order of Settlement" which essentially restated the transcript of the April 27 agreement.

Turner filed a motion for new trial on December 27, 2000. The court denied the motion, and Turner filed a notice of appeal.[2]

1. Appellee Bynum has moved to dismiss the appeal as untimely, arguing that Turner's notice of appeal was not filed within 30 days of the court's November 27, 2000 order enforcing the settlement agreement. A notice of appeal generally must be filed within 30 days of the judgment being appealed, but the filing of a motion for new trial extends this period until 30 days after the ruling on the motion for

---

[1] Appellant will be referred to as "Turner" and Elaine T. Bynum and Alethea Turner will be referred to collectively as "appellees."

[2] The court granted Turner an extension of time to file a notice of appeal, and he filed the notice within the extended time period.

new trial.[3] If the motion for new trial was not the proper means of seeking review of the trial court's action, however, its filing will not extend the time for filing a notice of appeal.[4]

A motion for new trial requests a retrial, in the same court, of an issue of fact after decision by a jury or the court.[5] A motion for new trial cannot be used solely to object to the trial court's legal conclusions.[6] Turner's amended motion for new trial challenged, among other things, the trial court's finding that the parties intended the settlement agreement to be final. This was a factual determination properly addressed by a motion for new trial.[7] Therefore, the motion for new trial extended the period for Turner to file a notice of appeal, which he timely did. We deny the motion to dismiss.

2. Turner contends that the trial court erred by ruling that the settlement agreement was enforceable, because the evidence showed that it was fatally vague and not meant to be final.

First,, Turner argues that because his testimony was the only evidence presented at the November 2 hearing on appellees' motion to enforce the settlement agreement, the court was bound to accept his position. Whether the agreement was vague was a legal issue for the court to decide,[8] and the court was not constrained to accept Turner's opinion on that issue. Whether the agreement was meant to be final was a factual issue, but contrary to Turner's assertion, his testimony was not the only evidence on that point. The trial court also had the April 27 transcript, which contained the parties' acknowledgments in open court that they had reached an agreement, as well as the terms of that agreement. Thus, Turner's testimony on November 2 that *he* believed the agreement was not final did not bind the trial court. Moreover, based on our review of the record, the trial court did not clearly err in finding that the agreement was final.[9]

Second, Turner asserts that the trial court erred by failing to find that the agreement was fatally vague and unclear. But Turner's brief does not specify which portions of the agreement he believes are vague or unclear. We will not "cull the record on behalf of a party in

---

[3] OCGA § 5-6-38 (a).

[4] *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986).

[5] *Bank South Mtg. v. Starr*, 208 Ga. App. 19 (429 SE2d 700) (1993); *Sunn v. Mercury Marine*, 166 Ga. App. 567, 568-569 (305 SE2d 6) (1983).

[6] *Bank South*, supra at 20; *Sands v. Lamar Properties*, 159 Ga. App. 718, 719 (285 SE2d 24) (1981).

[7] See *Sunn*, supra at 569 (motion for new trial was proper vehicle to challenge trial court's determination that settlement agreement was valid and not the product of fraud, accident, or mistake).

[8] See *Jakobsen v. Colonial Pipeline Co.*, 260 Ga. 565, 566 (2) (397 SE2d 435) (1990).

[9] See *Smith v. Ga. Asset Properties*, 251 Ga. App. 595 (1) (554 SE2d 561) (2001).

search of instances of error."[10] Because Turner has not made an effort to demonstrate this error from the record, we have nothing to review.

3. Next, Turner contends that the trial court's order is void because the court lacked jurisdiction over the matter of his mother's estate. The parties' April 27 settlement agreement related not only to their father's trust, but also to their mother's estate, which was pending in probate court. The trial court's settlement order reflected both agreements, and the probate court later issued an order transferring jurisdiction of the estate matter to the trial court. Turner filed a separate appeal of the transfer order, and that appeal apparently is still pending in the trial court. The trial court's jurisdiction over the testamentary trust authorized entry of the provisions of the order at issue in this appeal.

4. Finally, Turner argues that the trial court erred by appointing successor trustees in a manner inconsistent with the intentions of the settlor of the trust. Turner did not raise this argument in his motion for new trial or — as far as we can tell from the record — at any other time before the trial court. Thus, he arguably has waived it. Even if it had been preserved for review, however, the argument lacks merit.

OCGA § 53-12-170 (b) provides that any vacancy in the position of trustee shall be filled as directed by the trust instrument. "In all other cases, the court, on petition of an interested person, may appoint any number of trustees consistent with the intention of the settlor and the interests of the beneficiaries."[11] In this case, the trust named Turner's mother as trustee and provided for two successor co-trustees. It is undisputed that both successor trustees resigned before Mrs. Turner's death. The trust neither specified additional successor trustees nor provided a method of appointing them. In light of the trust instrument's silence on that question, we cannot conclude that the court's settlement order appointing three successor trustees is inconsistent with the settlor's intentions. Nor is the settlement order inconsistent with the interests of the beneficiaries, as the order merely formalizes a settlement agreement that the beneficiaries reached among themselves.

5. Appellee Bynum's motion for penalties pursuant to Court of Appeals Rule 15 (b) is denied.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

---

[10] (Citation and punctuation omitted.) *Magnolia Court Apts. v. City of Atlanta*, 249 Ga. App. 6, 8 (545 SE2d 643) (2001).

[11] OCGA § 53-12-170 (c).

DECIDED APRIL 25, 2002.

*J. Reese Franklin*, for appellant.
*William W. Turner III*, pro se.
*Langdale, Vallotton, Linahan & Wetherington, William P. Langdale, Jr., Robert A. Plumb, Jr.*, for appellees.

