# Court of Appeals
# of the State of Georgia

ATLANTA,_ September 13, 2013 _

*The Court of Appeals hereby passes the following order:*

**A13A0945.  IN RE: ESTATE OF HARRIET GREY NESBIT.**

In a dispute related to the estate of Harriett Grey Nesbit, the probate court denied the beneficiaries' motion to recuse on June 30, 2011, and on August 8, 2011, granted summary judgment in favor of the estate administrator. In an action separate from the instant appeal, the beneficiaries appealed the grant of summary judgment to this Court on May 31, 2012. On September 14, 2012, we found this appeal untimely under OCGA § 5-6-38 (a) and dismissed the case for lack of jurisdiction.

The probate court then issued six orders: an October 1, 2012, "Final Order" adopting this Court's order dismissing the earlier appeal; and five other orders, issued on October 3, 2012, declaring all remaining petitions and motions moot.

The beneficiaries filed their notice of appeal in the instant action on October 31, 2012, ostensibly challenging the "Final Order of the Court dated Oct. 3, 2012." While, because of the date discrepancy, it is unclear which order they mean to appeal, their appellate brief enumerates as error only the probate court's denial of their motion to recuse and the previously appealed grant of the motion for summary judgment. See *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980).

Thus, their instant appeal of the same summary judgment order was filed more than a year out of time. The beneficiaries may not now attempt to bootstrap a second appeal of the same summary judgment order to an improper appeal of any of the trial court's later-issued orders. Those orders were not decisions on the merits, but rather were administrative acts designed to clear the trial court's docket. Nor may the beneficiaries file a second appeal of the same summary judgment order because their

first appeal was a procedural default. See generally *Mitchell v. Oliver*, 254 Ga. 112, 114 (1) (327 SE2d 216) (1985). Because "[t]he proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on the appellate court," we lack jurisdiction. (Citations omitted.) *Sands v. Lamar Properties, Inc.*, 159 Ga. App. 718, 719 (285 SE2d 24) (1981).

The beneficiaries also appeal the probate court's denial of their motion to recuse. Just as in relation to the court's grant of summary judgment, the appellant had until 30 days after the court's order on August 8, 2011, to seek review of this issue. When the first notice of appeal was not timely filed, a review of the trial court's decision not to recuse became time-barred. While the beneficiaries might have sought interlocutory review of this decision by application when the court rendered its decision not to recuse on June 30, 2011, such application was not pursued. See *Chandler v. Davis*, 269 Ga. 727 (504 SE2d 440) (1998) (a party may appeal a pre-trial ruling on a recusal motion either via an interlocutory appeal or via a direct appeal after an adverse final judgment).

The administrator's request for a frivolous litigation penalty pursuant to Court of Appeals Rule 15 is denied.

Because the beneficiaries did not file a timely notice of appeal, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/13/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*