# Court of Appeals
# of the State of Georgia

ATLANTA,    June 12, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0733.  BENTLEY d/b/a MOBILE X-RAY SOLUTIONS v. BRUSH & COMPANY.**

Brush & Company sued William J. Bentley in the Civil Court of Richmond County to recover an amount it alleged Bentley owed it under two commercial leases. Although Bentley answered the complaint, he did not appear for trial,  and on April 17, 2013, the trial court entered judgment against him. On April 26, 2013, Bentley filed a motion to set aside the judgment, which the trial court denied on the ground that Bentley had not met the requirements for setting aside the judgment under OCGA § 9-11-60 (d). On September 24, 2013, Bentley filed a notice of appeal, which he later amended. He did not seek discretionary review of the denial of his motion to set aside.

We lack jurisdiction over this appeal.  Bentley did not file his notice of appeal within 30 days of the judgment against him as required by OCGA § 5-6-38 (a), nor did he file within 30 days one of the three motions that, under that Code section, reset the time for appeal: a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict.  Instead, he filed a motion to set aside the judgment.  See OCGA § 5-6-35 (a) (8) (party seeking appeal from order under OCGA § 9-11-60 (d) denying motion to set aside judgment must follow procedures for discretionary review); *Jim Ellis Atlanta v. Adamson*, 283 Ga. App. 116 (640 SE2d 688) (2006) (denial of "discretionary" motion to set aside judgment on grounds other than those set forth in OCGA § 9-11-60 (d) is not directly appealable); *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000) (same).  Although Bentley

asked that the trial court give him a new trial after setting aside the judgment, his motion did not "challenge the determination of substantive facts by the fact finder. Therefore, th[e] motion was not a valid motion for new trial within the meaning of OCGA § 5-6-38 (a), and did not entitle [Bentley] to the automatic stay in filing [his] notice of appeal." *Bank South Mtg. v. Starr*, 208 Ga. App. 19, 20 (429 SE2d 700) (1993) (citations and punctuation omitted).

Because Bentley's notice of appeal was not filed within the 30 days required by OCGA § 5-6-38 and the motion to set aside did not extend the filing time, and because Bentley did not follow the procedures for discretionary review of the ruling on the motion to set aside, his appeal is DISMISSED. See *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/12/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*