**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 9, 2016**

# In the Court of Appeals of Georgia

A16A0212. PARKER v. ROBINSON.

ANDREWS, Presiding Judge.

Adriene Parker appeals from an order of contempt entered against her by the Superior Court of Fulton County for her wilful violation of certain provisions of a temporary visitation order. Because Parker failed to timely file a notice of appeal of the trial court's contempt order, we lack jurisdiction and dismiss this appeal.

In September 2014, Parker filed a petition to modify the visitation rights of Al-Rahim Robinson with the couple's minor child.[1] Robinson responded, and the couple entered a temporary order regarding visitation which required, in part, Parker to board the minor child on a January 1, 2015 flight to New York City, New York to visit Robinson. Parker failed to board the child as required. In January 2015, Robinson

---

[1] It does not appear that Parker and Robinson were ever married.

asked the trial court to hold Parker in contempt for violating the temporary order. Following a hearing during which the trial court received evidence, the trial court entered an order dated February 13, 2015 finding Parker in contempt and ordering her to reimburse Robinson for various expenses, including $2,000 in attorney fees.[2]

On March 13, 2015, Parker filed a "Motion for New Trial or in the Alternative Motion to Set Aside Judgment." The thrust of Parker's argument was that the trial court did not "state a statutory basis for an award of attorney's fees." The trial court summarily denied Parker's motion for new trial and granted in part[3] and denied in part Parker's motion to set aside. On appeal, Parker does not contest the finding of contempt against her; rather, she argues that "the award of attorney's fees and expenses of litigation against her is contrary to Georgia law."

---

[2] The trial court did not cite a statutory basis for the attorney fee award in its order.

[3] The trial court struck its previous award of Robinson's travel expenses to attend Parker's contempt hearing, finding that "they are not a valid expense of litigation and are not otherwise recoverable."

Although not addressed by the parties,[4] we are obligated to question our jurisdiction "in all cases in which there may be any doubt regarding the existence of such jurisdiction." *Bandy v. Elmo*, 280 Ga. 221 (626 SE2d 505) (2006); *Canoeside Properties. v. Livsey*, 277 Ga. 425, 426 (1) (589 SE2d 116) (2003).

1. Under Georgia law, a litigant cannot use a motion for a new trial to challenge a trial court's legal conclusions; rather, it is a proper vehicle only for challenging factual findings made by either a jury or a judge in a trial-like setting. See, e.g., *Turner v. Bynum*, 255 Ga. App. 173, 175 (1) (564 SE2d 784) (2002) (litigant properly filed motion for new trial from trial court's order enforcing a settlement agreement); *Bank South Mortgage v. Starr*, 208 Ga. App. 19, 20 (429 SE2d 700) (1993). Where a motion for new trial is not a proper vehicle for review of a trial court's action, it has no validity and will not extend the time for filing the notice of appeal. See *Turner*, 255 Ga. App. at 174-175 (1). See also *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986).

---

[4] Indeed, Robinson failed to file an appellee's brief as required by our rules. See Court of Appeals Rule 23 (b) ("Appellee's brief *shall* be filed within 40 days after the appeal is docketed or 20 days after the filing of appellant's brief, whichever is later.). (Emphasis supplied). The Bar is reminded that "[f]ailure to timely file [an appellee's brief] may result in non-consideration of the brief and may subject counsel to contempt." Id. See also Court of Appeals Rule 13.

While a motion for new trial may be available to challenge a trial court's finding of contempt, see *Berman v. Berman*, 231 Ga. 216 (200 SE2d 870) (1973), there is no such challenge in this case. Instead, Parker pursued a purely legal argument that the trial court's award of attorney fees pursuant to OCGA § 19-6-2 was not supported by statute. See *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000) ("As a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or by contract. When awarded by statute, such fees may only be obtained pursuant to the statute under which the action was brought and decided."); *Bank South*, 208 Ga. App. at 20. There being no challenge to any factual issue, we conclude that Parker's motion for new trial was not the proper vehicle to review the trial court's original contempt order. See *Turner*, 255 Ga. App. at 175 (1); *Bank South*, 208 Ga. App. at 20. As a result, Parker's motion did not toll the time for appealing the trial court's order.[5] See *Pillow*, 255 Ga. at 684; *Turner*, 255 Ga. App. at 174-175 (1).

---

[5] The result would be the same if Parker's motion were construed to be a motion for reconsideration, as such motions do not toll the time for filing a notice of appeal. See *Blackwell v. Sutton*, 261 Ga. 284 (404 SE2d 114) (1991); *Masters v. Clark*, 269 Ga. App. 537, 539 (604 SE2d 556) (2004).

"The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Johnson v. State*, 234 Ga. App. 675 (507 SE2d 529) (1998). "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of. . . ." OCGA § 5-6-38 (a). Furthermore, "[n]o appeal shall be dismissed . . . except . . . [f]or failure to file notice of appeal within the time required as provided in this article or within any extension of time granted hereunder. . . ." OCGA § 5-6-48 (b) (1). In this case, the trial court's order finding Parker in contempt and assessing attorney fees was entered February 13, 2015. As a result, Parker's notice of appeal had to be filed no later than Monday, March 16, 2015. See OCGA § 5-6-38 (a). However, the notice of appeal was not filed until August 3, 2015. "The record fails to reflect that [Parker] sought or was granted an extension of time in which to file the notice of appeal, nor did [she] seek or receive permission to file an out-of-time appeal." (Citations omitted.) *Davis v. State*, 280 Ga. 352 (628 SE2d 374) (2006). "In the absence of a timely filed notice of appeal, this Court is without jurisdiction to consider the merits of the case, and the appeal in [this case] must be dismissed." *Johnson*, 234 Ga. App. at 675.

2. To the extent that Parker seeks to appeal the denial of her motion to set aside as to attorney fees,[6] this Court again lacks jurisdiction. The denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable, but rather requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (b). *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 117 (640 SE2d 688) (2006). No such application was filed. It necessarily follows that our jurisdiction is again lacking. Id. at 117 (clear that denial of motion to set aside "was not directly appealable and that the present appeal must consequently be dismissed").

*Appeal dismissed. Doyle, C. J., concurs. Ray, J., concurs in judgment only.*

---

[6] It is unnecessary for us to decide whether Parker's motion could be properly construed as a motion to set aside because, in either event, our jurisdiction is lacking.