# Court of Appeals
# of the State of Georgia

ATLANTA, April 06, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1212. MARIE BRINSON v. STATE OF GEORGIA.**

On October 21, 2020, the trial court entered an order dismissing plaintiff Marie Brinson's petition for custody of her grandchild for failure to prosecute, failure to serve the defendant, and failure to state a claim. The following month, Brinson filed a "Motion for New Trial" challenging the dismissal order. The trial court dismissed the "Motion for New Trial" in December 2020, and Brinson filed a notice of appeal on January 26, 2021. We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). A timely filed motion for a new trial extends the time for filing a notice of appeal. OCGA § 5-6-38 (a). A motion for a new trial is one that contests "factual issues or errors contributing to the verdict." *Bank South Mtg. v. Starr*, 208 Ga. App. 19, 20 (429 SE2d 700) (1993). A motion that merely challenges a court's legal conclusions, however – regardless of nomenclature – is not a proper motion for a new trial and thus does not extend the time to appeal. Id. at 19-20; accord *Pillow v. Seymour*, 255 Ga. 683, 683-684 (341 SE2d 447) (1986) ("Where a motion for new trial is not a proper vehicle for review of a trial court's action"– such as a dismissal for failure to state a claim – "the motion has no validity and will not extend the time for filing the notice of appeal."); *Luster v. Bank of America, N.A.*, 331 Ga. App. 510, 511-512 (769 SE2d 394) (2015) (a motion challenging a dismissal for failure to prosecute may not be construed as a motion for a new trial and thus will not extend the time to file a

notice of appeal). Here, Brinson's "Motion for New Trial," which challenged only the trial court's legal conclusions, was not a proper motion for a new trial and thus did not extend the time to appeal the October 21 dismissal order. And Brinson's January 26 notice of appeal – filed more than three months after the dismissal order – is untimely as to that order.

To the extent that Brinson's "Motion for New Trial" may be construed as a motion for reconsideration, such a motion does not extend the time for filing an appellate challenge to an appealable order, and the denial of such a motion is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). And to the extent that the motion may be construed as an OCGA § 9-11-60 (d) motion to set aside, an appeal from an order denying such a motion must be initiated by filing an application for discretionary review, which Brinson did not do. See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006); see also generally *Voyles v. Voyles*, 301 Ga. 44, 45-47 (799 SE2d 160) (2017); *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996) ("Compliance with the discretionary appeals procedure is jurisdictional.").

For each of the above reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  04/06/2021

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

*Stephen E. Castlen*
, Clerk.