# Court of Appeals
# of the State of Georgia

ATLANTA,_ March 11, 2022 _____

*The Court of Appeals hereby passes the following order:*

## A21A1622. JEROME v. NEPHRON CORPORATION.

Appellee Nephron Corporation has moved to dismiss this granted discretionary appeal, arguing that because Appellant Phara Jerome's motion for new trial "merely attacked the Superior Court's legal conclusions and judgment, without alleging any factual errors contributing to the verdict," the motion was invalid and thus did not extend the time for filing an application for discretionary appeal.

Where a party timely files a *valid* motion for new trial following the entry of final judgment, the time for filing a notice of appeal or application for appeal is extended until "30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion." OCGA § 5-6-38 (a). If a motion for new trial is not the "proper means" by which to seek review of the trial court's action, however, "its filing will not extend the time for filing a notice of appeal." *Turner v. Bynum*, 255 Ga. App. 173, 175 (1) (564 SE2d 784) (2002). Critically, a motion for new trial is not a proper means by which to challenge a court's legal conclusions and judgment. See *Bank South Mtg., Inc. v. Starr*, 208 Ga. App. 19, 20 (429 SE2d 700) (1993).

This case became final on November 19, 2019,[1] and Jerome thereafter filed a timely motion for new trial. Thus, the dispositive issue is whether Jerome's motion for new trial was valid such that the time for filing her application for discretionary appeal was extended pursuant to OCGA § 5-6-38 (a). We conclude that it was not.

---

[1] The final order in this case – the order on attorney's fees – was entered on November 19, 2019. See *Edokpolor v. Grady Mem. Hosp. Corp.*, 302 Ga. 733, 734-735 (808 SE2d 653) (2017).

While Jerome's initial and amended motions for new trial invoked the general grounds and asserted that the verdict was contrary to the law and evidence and against the weight of the evidence, these skeletal motions gave no indication of the factual basis for Jerome's arguments. Indeed, the amended motion did little more than attack the legal sufficiency of the superior court's order. "[C]hallenges to the judgment are not proper grounds for a motion for new trial." *Bank South*, 208 Ga. App. at 20 ("Although somewhat couched in the general grounds (e.g., the motion asserts that, 'the court's order is contrary to law,' etc.), [Appellant's] motion merely asserted arguments attacking the judgment of the trial court" and, thus, "was not a valid motion for new trial[.]"). And at the hearing on the motion for new trial, Jerome's arguments went exclusively to questions of law decided by the superior court and, more generally, sought reconsideration of her motion for directed verdict. A new trial is not necessary to correct these purported errors. See *Hunter v. Will*, 352 Ga. App. 479, 487 (3) (a) (833 SE2d 128) (2019) ("No new trial is necessary to correct a judgment or decree.") (citation and punctuation omitted).

In sum, because the record shows that Jerome sought the superior court's reconsideration of legal rulings, it was not a valid motion for a new trial and did not extend the time in which to file her application for discretionary review. See *Bank South*, 208 Ga. App. at 20; *Houston County v. Harrell*, 287 Ga. 162, 162 (695 SE2d 29) (2010) ("[A] motion for reconsideration does not extend the time in which an appeal may be filed."). Accordingly, Jerome's discretionary application was untimely, and this Court is without jurisdiction to consider the merits of this appeal. Nephron's motion to dismiss is hereby GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  03/11/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, Clerk.