# Court of Appeals
# of the State of Georgia

ATLANTA,  March 19, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0261. CHRISTA VICTORIA GROOVER WELDON v. BRENDA CROCKER GROOVER.**

Christa Weldon, the daughter of decedent, filed a motion for new trial following the denial of her motion to set aside an order awarding a year's support to the decedent's spouse. The probate court denied the motion, and Weldon filed this application for discretionary appeal. We, however, lack jurisdiction.

At the time of his death, the decedent was married to Brenda Groover and had three adult children, including Weldon. Groover filed a petition for year's support that was granted, without a hearing, in October 2023, after no responses or objections were filed. Ten days later, Weldon filed a caveat to the petition and an OCGA § 9-11-60 (d) motion to set aside the order awarding a year's support to Groover, arguing that she had not received notice of the petition before entry of the final order. On November 22, 2023, the probate court denied Weldon's caveat and motion to set aside, without a hearing, based only on the filings before the court. More specifically, the court found that the caveat and motion were untimely and that the filings showed that proper notice of the petition for year's support had been provided as required by law. Weldon thereafter filed a "Motion for New Trial" challenging the court's order denying her motion to set aside. The probate court denied the motion, and, on February 23, 2024, Weldon filed this discretionary application seeking to appeal the court's November 22 order denying her motion to set aside and its subsequent denial of her "Motion for New Trial."

An application for discretionary appeal must be filed within 30 days of entry of

the judgment or court order sought to be appealed. OCGA § 5-6-35 (d). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). A timely filed motion for new trial extends the time for filing an application for discretionary appeal. OCGA § 5-6-35 (d). However, a motion that merely challenges the court's legal conclusions and rulings on the pleadings is not considered a proper motion for new trial, regardless of nomenclature, and therefore does not extend the time to appeal. *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986); see *Bank South Mtg. v. Starr*, 208 Ga. App. 19, 19-20 (429 SE2d 700) (1993); cf. *Gooding v. Boatright*, 211 Ga. App. 221, 222 (438 SE2d 685) (1993) (explaining that a "motion for new trial" challenging an order granting a petition for year's support based on a claim of improper notice of the petition is in substance an OCGA § 9-11-60 (d) motion to aside, and not a proper motion for new trial). Thus, a motion for new trial is not the proper vehicle for seeking review of a court's ruling on a motion to set aside a judgment and, as a result, does not extend the time to appeal the ruling on the motion to set aside. *Citibank (South Dakota) N.A. v. McCarr*, 179 Ga. App. 172, 173 (345 SE2d 682) (1986).

Here, Weldon's motion for new trial challenged the probate court's order denying her motion to set aside the judgment granting a year's support. The order she challenged consisted of procedural rulings and legal conclusions based entirely on the filings before the court. Therefore, it was not a proper motion for new trial and did not extend the time to appeal from the November 22 order. See *Pillow*, 255 Ga. at 684; *Bank South Mtg.*, 208 Ga. App. at 19-20; *Citibank (South Dakota) N.A.*, 179 Ga. App. at 173. As a result, Weldon's February 23, 2024, application to file this discretionary appeal — filed more than three months after the order denying her motion to set aside — is untimely.

To the extent that Weldon's motion for new trial may be construed as a motion for reconsideration, such a motion does not extend the time for filing an appellate challenge to an appealable order, and the denial of such a motion is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000);

*Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985).

For each of the above reasons, we lack jurisdiction over this untimely application, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, ___03/19/2024_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.