# Court of Appeals
# of the State of Georgia

ATLANTA,  March 25, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1120. MATTHEW PERRITT v. KEYSTONE CONCRETE FOUNDATIONS, INC.**

In this action for breach of contract and related claims, the trial court entered a default judgment against defendant Flybuilt, LLC in 2021. And in May 2023, the court granted the plaintiff's motion for summary judgment against defendant Matthew Perritt. Flybuilt thereafter filed a "Motion for New Trial" challenging the default judgment against it, an OCGA § 9-11-60 (d) motion to set aside the default judgment, and an OCGA § 9-11-60 (d) motion to set aside the grant of summary judgment against Perritt. Perritt also filed an "Amended Motion for New Trial" challenging the grant of summary judgment against him. The trial court denied each of the pending motions in February 2024, and Perritt filed a notice of appeal later that month. We lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). A timely filed motion for a new trial extends the time for filing a notice of appeal. OCGA § 5-6-38 (a). A motion that merely challenges a court's legal conclusions, however — regardless of nomenclature — is not a proper motion for a new trial and thus does not extend the time to appeal. *Bank South Mtg. v. Starr*, 208 Ga. App. 19, 19-20 (429 SE2d 700) (1993); accord *Pillow v. Seymour*, 255 Ga. 683, 683-684 (341 SE2d 447) (1986) (a motion for a new trial "is not a proper vehicle for review" of a trial court's "rulings upon pleadings" and therefore "has no validity" and does not extend the time to appeal such rulings) (citation and punctuation omitted); *Luster v. Bank of America*, 331 Ga. App. 510, 511-512 (769 SE2d 394) (2015) (a motion challenging a dismissal for failure to prosecute may not be construed as a motion for a new trial and thus will not extend the time to appeal).

Here, Flybuilt's "Motion for New Trial" and Perritt's "Amended Motion for New Trial" — which challenged only the trial court's legal conclusions in its orders entering a default judgment against Flybuilt and granting summary judgment against Perritt — were not proper motions for a new trial and thus did not extend the time for Perritt to appeal the May 2023 order granting summary judgment against him. See *Pillow*, 255 Ga. at 683-684; *Bank South Mtg.*, 208 Ga. App. at 20. And absent a tolling motion, Perritt's February 2024 notice of appeal — filed more than nine months after the summary judgment order — is untimely as to that order. See OCGA § 5-6-38 (a).

To the extent that Flybuilt's "Motion for New Trial" or Perritt's "Amended Motion for New Trial" may be construed as a motion for reconsideration, such a motion does not extend the time for filing an appellate challenge to an appealable order, and the denial of such a motion is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). And to the extent that either filing may be construed as an OCGA § 9-11-60 (d) motion to set aside — or that Perritt seeks to appeal the denial of Flybuilt's OCGA § 9-11-60 (d) motion to set aside the grant of summary judgment against him — an appeal from an order denying such a motion must be initiated by filing an application for discretionary review, which Perritt did not do.[1] See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).

For the above reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*___03/25/2024_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] Because we lack jurisdiction over this appeal for the reasons stated in this order, we express no opinion on the effectiveness of Flybuilt's motion to set aside the grant of summary judgment against Perritt.