# Court of Appeals
# of the State of Georgia

ATLANTA,  February 12, 2025

*The Court of Appeals hereby passes the following order:*

**A25A0777. IN RE: ESTATE OF SARIAH GE'LITA WILCOXSON.**

Sariah Ge'Lita Wilcoxson died by homicide, and her estate obtained a substantial settlement in a wrongful death suit. The administrator of the estate filed a petition in probate court to determine the estate's heirs and to approve the settlement. Following a trial, the probate court entered an order on April 18, 2024, finding that Wilcoxson's biological father, Marcus D. Miller, had abandoned his daughter and thus had forfeited any share of her estate. See OCGA § 53-2-1 (e). Miller filed a Motion for New Trial and/or Reconsideration, asserting that the trial court in the wrongful death action had awarded him 3 per cent of the proceeds.[1] Miller argued that collateral estoppel barred the probate court from re-litigating his entitlement to a portion of Wilcoxson's estate, and he requested that the trial court reconsider its ruling. The trial court denied the motion on October 10, 2024, and Miller appealed this ruling on October 22, 2024. We, however, lack jurisdiction.

A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). A timely filed motion for a new trial extends the time for filing a notice of appeal. OCGA § 5-6-38 (a). But a motion for a new trial is a means of seeking a retrial or reexamination of

---

[1] Miller appealed the apportionment award, and we reversed, finding that the case had been dismissed prior to the trial court entering its order. See *Miller v. Wilcoxson*, 372 Ga. App. 686 (905 SE2d 889) (2024).

issues of fact. *The Hudson Trio, LLC v. Buckhead Community Bank*, 304 Ga. App. 324, 326 (1) (696 SE2d 372) (2010). A motion that merely challenges a court's legal conclusions is not a proper motion for a new trial and thus does not extend the time to appeal. *Bank South Mortgage, Inc. v. Starr*, 208 Ga. App. 19, 19-20 (429 SE2d 700) (1993).

We construe a motion according to its function rather than its name; there is no magic in the nomenclature. See *The Hudson Trio*, 304 Ga. App. at 326 (1). In Miller's motion, he did not seek to challenge facts supporting the trial court's finding of abandonment; he raised legal issues pertaining to collateral estoppel. Under these circumstances, Miller's motion was, in substance, a motion for reconsideration. Accordingly, Miller's notice of appeal — filed over six months after the order determining heirs — is untimely. See OCGA § 5-6-38 (a). We therefore lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/12/2025*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*