A90A0358. JACOBSEN v. BOYLE.
(397 SE2d 1)

BANKE, Presiding Judge.

This is an appeal by the plaintiff from a grant of summary judgment to one of two co-defendants in a legal malpractice action.

The appellant's job with a former employer was terminated in 1983; and in connection with that event, the former employer retained a firm known as Drake Beam Morin, Inc., (DBM), to provide the appellant with career counseling services. The career counselor assigned to the appellant by DBM was John Muller, who held a Ph.D. in applied psychology. The appellant and Muller developed a sexually intimate relationship during the course of their counseling sessions; and after that relationship ended, the appellant retained the appellee herein, attorney Thomas M. Boyle III, to bring an action for actual and punitive damages against Muller and DBM for breach of contract and professional malpractice. Boyle subsequently turned the case over to another attorney, Glenville Haldi; and both DBM and Muller were ultimately awarded summary judgment in the action. This court af-

firmed that ruling in *Jacobsen v. Muller*, 181 Ga. App. 382 (352 SE2d 604) (1986) (cert. den.), concluding "that [the appellant] condoned the breach of contract, if any, and assumed the risk of the tort, if any, committed when Muller deviated from accepted professional standards of a job counselor and used the professional relationship to create and foster an illicit personal relationship with the client." Id. at 384.

The appellant subsequently brought the present action against Boyle and Haldi based on allegations that they could have defeated the defendants' summary judgment motion in the prior action by submitting expert testimony on the "transference phenomenon," a process whereby a patient undergoing psychotherapy for a mental or emotional disturbance (particularly a female patient being treated by a male psychotherapist) develops such overwhelming feelings of warmth, trust, and dependency towards the therapist that she is deprived of the will to resist any sexual overtures he might make. The appellant contends that it could have been established through such expert testimony that a psychotherapist who becomes involved in a sexual relationship with a patient through manipulation of the transference phenomenon does so to the detriment of the patient's mental and emotional well-being and therefore commits malpractice. The trial court, however, concluded that the appellant could not have prevailed in her action against Muller and DBM even had expert testimony on the transference phenomenon been submitted, because "Georgia law has not recognized the transference phenomenon as negating consent in a situation similar to the instant case [but] only when there has been a deprivation of the plaintiff's free will *and the sexual relationship at issue is part of the treatment given the plaintiff*." (Emphasis from lower court's order.) *Held*:

In reaching the conclusion that a psychotherapist may engage in sexual relations with a patient without incurring liability for malpractice so long as the sexual activity is not "part of the treatment given the plaintiff," the lower court relied on Presiding Judge Deen's special concurrence to that effect in *Jacobsen v. Muller*, supra, as well as on this court's decision in *St. Paul Fire &c. Ins. Co. v. Mitchell*, 164 Ga. App. 215 (296 SE2d 126) (1982), holding that a malpractice insurer was required to defend a suit filed against a psychiatrist by a former patient which was predicated on allegations quite similar to those advanced by the appellant in the present case. However, Judge Deen's special concurrence in *Jacobsen v. Muller* cannot be considered controlling authority since it was not adopted by the other members of the court; and we do not interpret the majority decision in *Mitchell* as holding that, for a psychotherapist to be held liable for malpractice for having sexual relations with a patient, he must have represented to the patient that the sexual activity was part of her

treatment. Indeed, there does not appear to have been any allegation in *Mitchell* that the defendant psychiatrist had made any such representations to the patient in that case. Rather, it appears that, like the appellant in the case before us, the patient there simply alleged that the defendant had manipulated the transference phenomenon to encourage her feelings of affection towards him. In deciding *Mitchell*, this court did rely upon a Michigan case, *Cotton v. Kambly*, 101 Mich. App. 537 (300 NW2d 627) (1980), in which the therapist had allegedly represented to the patient that the sexual activity was part of her treatment; however, there is ample authority from other jurisdictions for the proposition that a psychotherapist can commit malpractice simply by allowing the transference phenomenon to lead to sexual involvement with a patient. See, e.g., *Simmons v. United States*, 805 F2d 1363 (9th Cir. 1986); *St. Paul Fire &c. Ins. Co. v. Love*, 447 NW2d 5 (Minn. App. 1989); *L. L. v. Medical Protective Co.*, 362 NW2d 174 (Wis. App. 1984). Indeed, in *Mazza v. Huffaker*, 300 SE2d 833 (N.C. App. 1983), a psychiatrist was held liable for malpractice for entering into a sexual relationship with a patient's *spouse*.

While it is apparent that the appellant's original purpose in consulting Muller was to obtain vocational guidance counseling rather than to obtain psychotherapeutic treatment for a mental or emotional problem, there is evidence that Muller, acting in his capacity as a licensed, practicing psychologist (see OCGA § 43-39-1 (2)), solicited and assumed the role of a psychotherapist during the course of their counseling sessions, explaining to the appellant that "he would assist her in analyzing and assessing her assets and ascertaining job and career direction by concentrating on her psychological make-up." *Jacobsen v. Muller*, supra, 181 Ga. App. at 386 (Deen, P. J., concurring specially). As we believe such evidence would permit the inference that a patient-psychotherapist relationship existed between them, we must conclude, on the basis of the foregoing authorities, that expert testimony as to the existence and operation of the transference phenomenon would have been relevant and admissible in the appellant's original action against Muller and DBM as evidence that she did not enter freely and willingly into sexual relations with Muller and thus did not consent to or condone his alleged professional malpractice. Accordingly, we reverse the grant of summary judgment to the appellee in the present action on the ground that it was predicated on an erroneous legal theory. While we note that the appellee additionally sought summary judgment on the ground that he was no longer representing the appellant at the time the alleged legal malpractice occurred, we express no opinion as to whether summary judgment might properly have been granted on that ground, inasmuch as the trial court did not rule on that issue and it has not been argued to us

on appeal as an alternative basis for sustaining the trial court's ruling. *Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 29, 1990.
REHEARING DENIED JULY 16, 1990 — CERT. APPLIED FOR.

*Thomas E. Maddox, Jr.*, for appellant.
*Freeman & Hawkins, H. Lane Young II, Joseph A. Roseborough, Glenville Haldi*, for appellee.