A93A1196, A93A1199, A93A1200. JACOBSEN v. HALDI et al.
(three cases).
A93A1197. HALDI v. JACOBSEN.
A93A1198. BOYLE v. JACOBSEN.
(437 SE2d 819)

ANDREWS, Judge.

Jacobsen sued Haldi, Haldi P. C. and Boyle for legal malpractice claiming they mishandled her previous claims against Muller, a psychologist, and his employer, Drake Beam Morin, Inc. for professional malpractice and breach of contract. The facts supporting the present action and Jacobsen's previous claims are set forth in *Jacobsen v. Boyle*, 196 Ga. App. 411 (397 SE2d 1) (1990) (reversing summary judgment granted to Boyle), and *Jacobsen v. Muller*, 181 Ga. App. 382 (352 SE2d 604) (1986) (affirming summary judgment granted to Muller and Drake Beam Morin, Inc.). After a jury awarded Jacobsen $902,000 on her legal malpractice claim, the trial judge entered judgment for the reduced amount of $375,000 pursuant to OCGA § 51-12-12. In Case Nos. A93A1196, A93A1199, and A93A1200, Jacobsen appeals, pro se, from the reduced judgment and other orders entered by the trial court. In Case No. A93A1197, Haldi cross-appeals from the trial court's denial of motions for a directed verdict, and for judgment n.o.v., and in Case No. A93A1198, Boyle cross-appeals from the trial court's denial of his motion for judgment n.o.v.

1. We first address Jacobsen's appeal and enumerations of error in Case No. A93A1196 claiming the trial court erroneously entered judgment for the reduced sum of $375,000 pursuant to OCGA § 51-12-12. After the jury returned a verdict in favor of Jacobsen for $902,000, the trial judge initially entered a judgment for that amount on October 11, 1991. Within 30 days after entry of the judgment, the defendants moved pursuant to OCGA § 9-11-50 (b) for judgment n.o.v., or alternatively, for a new trial. Under OCGA § 9-11-50 (b) "[i]f a verdict was returned, the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed." Thereafter, the trial court entered an order on June 5, 1992 reopening the judgment, and determining pursuant to OCGA § 51-12-12 that the jury's award of $902,000 was so excessive as to be inconsistent with the preponderance of the evidence. Under OCGA § 51-12-12, a trial judge who determines that a jury award is clearly excessive has three options: "(1) grant a motion for a new trial; (2) grant a motion for new trial as to damages only; or (3) conditionally grant a motion for a new trial. The third option gives the trial judge the opportunity to give the litigants the benefit of his or her trial experience and to spare the parties the expense and trouble of a new trial. Under this provision of the statute, the trial judge calculates an

appropriate damage award. The parties then have an opportunity to accept the trial court's award and end the case, or reject it and proceed with a new trial." *Spence v. Maurice H. Hilliard, Jr., P. C.,* 260 Ga. 107, 108 (389 SE2d 753) (1990). Acting pursuant to the third option, the trial judge further determined that $375,000 was an appropriate damages award, and gave the parties an opportunity to accept or reject the $375,000 award. The record reflects that all the defendants accepted the $375,000 award.[1] The trial court's June 5, 1992 order provided that Jacobsen had until October 5, 1992, "to notify the Court in writing by a pleading filed with the Clerk . . . if she declines to accept this new Judgment amount," and provided that the failure to decline by filing a timely written objection would be deemed acceptance of the reduced damages award as final judgment. The order further conditionally granted the defendants' motion for a new trial if the plaintiff declined to accept the reduced damages award.

On October 5, 1992, while still represented by her attorney of record, who had represented her throughout the trial of the case, Jacobsen, pro se, filed a pleading seeking to set aside the trial court's June 5, 1992 order, and which apparently was an objection to the trial court's reduction of the damages award. Jacobsen recognized in the October 5 pleading that she continued to be represented by counsel of record. On October 22, 1992, Jacobsen's attorney filed a notice of intent to withdraw as attorney of record, and informed Jacobsen of his intent to withdraw. Jacobsen immediately filed a written objection opposing any withdrawal of her attorney of record. While continuing to object to withdrawal of her attorney of record, Jacobsen, pro se, also filed a motion citing disagreements with her attorney of record, seeking permission to sign her own pleadings whenever necessary to protect her interests, and further seeking an order to retroactively amend previous pro se filings by adding the name and signature of her attorney of record.

On November 3, 1992, the trial judge entered an order denying and refusing to accept Jacobsen's pro se October 5, 1992 objection to the reduced damage award, and her pro se motion seeking permission to file pro se pleadings while represented by counsel of record. Although the trial court based its ruling on the failure of the pro se pleadings to contain the signature of the attorney of record (see OCGA § 9-11-11), we find the trial court's refusal to accept the pro se pleadings is supported by the 1983 Constitution of Georgia, Art. I, Sec. I, Par. XII, which provides that, "[n]o person shall be deprived of the right to prosecute or defend, either in person or by an attorney,

---

[1] None of the defendants contest their acceptance of the $375,000 award, and, in fact, the defendants paid the entire $375,000 into the registry of the trial court on October 14, 1992.

that person's own cause in any of the courts of this state." Under the constitutional provision, "a layperson does not have the right to represent himself and also be represented by an attorney. . . ." *Seagraves v. State*, 259 Ga. 36, 39 (376 SE2d 670) (1989); *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 405-406 (359 SE2d 904) (1987). Despite her apparent disagreement with counsel of record, Jacobsen cannot attempt to represent herself by filing pro se pleadings, while at the same time she is represented by counsel of record. "[T]he court is not required to accept random appearance and filings by both the client and his attorneys. The court has the power '(t)o control, in the furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto. . . .' OCGA § 15-1-3 (4). The power to insure the orderly disposition of matters before it is within the general powers of every court." *Cherry*, supra at 406.[2] We find no error in the trial court's refusal to accept Jacobsen's pro se filings, and no merit in Jacobsen's enumerations of error 34, 35, 37, and 38 contending otherwise.

The trial court's November 3, 1992 order also properly concluded that in the absence of a timely filed pleading rejecting the $375,000 reduced damages award, it became the final judgment in the case accepted by the parties for the purpose of ending the litigation. *Spence*, supra. The trial judge's actions determining that the jury award was excessive, calculating an appropriate damages award, and giving the parties an opportunity to accept or reject the trial court's award, were a proper exercise of the trial court's discretion within the authority of OCGA § 51-12-12. Accordingly, we find no merit in Jacobsen's enumerations of error 8 through 15, 18, 20 and 36, claiming various errors in relation to the reduced damages award.

2. As to enumerations of error 16, 17, and 19, claiming the trial court erred by granting the defendants' motions for judgment n.o.v.

---

[2] After counsel of record initiated withdrawal procedures, Jacobsen opposed his attempt to withdraw. Subsequently, Jacobsen notified her attorney of record by letter dated November 7, 1992 that he was discharged, and on November 9, 1992 filed a pleading notifying the trial court that she had discharged her attorney of record, and would represent herself pro se. On December 22, 1992, noting Jacobsen's discharge of her attorney, the trial court granted counsel's motion to withdraw as attorney of record. Nevertheless, Jacobsen filed objections to the withdrawal order claiming that her discharge of the attorney was not an agreement that he should be permitted to withdraw. There was evidence Jacobsen suffered from a form of depressive mental illness and was under psychiatric care. Out of concern for Jacobsen's mental stability, the trial judge appointed an independent guardian ad litem to investigate whether Jacobsen was capable of making competent and intelligent decisions regarding the prosecution of the case, or whether a guardian of her person or property should be appointed. The guardian ad litem reported to the trial court that no such appointment was necessary. It is clear that the trial judge in this case exercised an abundance of caution in determining that Jacobsen was fully capable of cooperating with her attorney in the prosecution of the case prior to ruling that her pro se filings would not be accepted.

or new trial, the record reflects that no such motions were granted.

3. Enumerations of error 1 through 6; 21 through 31, and 33, 40, and 41 deal with trial matters rendered moot by the parties' acceptance of the trial court's reduced damages award as an end to the litigation. See Division 1, supra; *Spence*, supra.

4. We find no error in the trial court's order allowing withdrawal of Jacobsen's attorney of record, especially since Jacobsen discharged the attorney. Enumeration 42 is without merit.

5. As to enumerations of error 32 and 39, claiming the trial judge demonstrated a pattern of partiality and should have granted Jacobsen's motions for recusal, we find no bias, and no error.

6. As to Jacobsen's claim in enumeration of error 7 with respect to division of costs for preparation of the trial transcript and record on appeal, the record reflects that after Jacobsen filed an affidavit of indigency, the trial court ruled that it would assume, without deciding, that Jacobsen was currently indigent, and would be allowed to proceed in forma pauperis as to the costs of preparation of the record for appeal. However, the trial court noted that the $375,000 judgment had been paid by the defendants into the registry of the court, and that if the validity of the reduced damages awarded by the trial court was affirmed on appeal, Jacobsen would not have indigent status, and the trial court would reassess costs at that time. As to Jacobsen's motion for equal division of the costs of the trial transcript filed as part of the record on appeal, the record is unclear as to the status of payment of this expense. We note that a pauper's affidavit would not release Jacobsen of her responsibility (see *Brand v. Montega Corp.*, 233 Ga. 35 (209 SE2d 583) (1974)), and that she may be entitled to a court order dividing such costs with cross-appellees. See OCGA § 5-6-38 (b); *Van Geter v. Housing Auth. of Atlanta*, 167 Ga. App. 432, 433 (306 SE2d 707) (1983). Accordingly, upon the return of the remittitur in this case, the trial court shall inquire into the financial status of Jacobsen, and determine her responsibility for payment of costs and transcript preparation.

7. Jacobsen's motion in this court for supersedeas bond is denied.

8. Jacobsen's appeals in Case Nos. A93A1199 and A93A1200 are from non-final orders in the case, apparently filed out of an over abundance of caution, and are not accompanied by any separate enumerations of error. We have addressed the only enumerations of error raised by Jacobsen. Accordingly, both of these appeals are dismissed. *Vowell v. Carmichael*, 235 Ga. 410 (219 SE2d 735) (1975).

9. In Case Nos. A93A1197 and A93A1198, Haldi and Boyle cross-appeal from the trial court's refusal to grant a judgment n.o.v., or a directed verdict. The enumerations of error in these cross-appeals are rendered moot by the parties' acceptance of the trial court's reduced damages award in the amount of $375,000 as the final judgment end-

ing the litigation. See Division 1, supra; *Spence,* supra. Accordingly, both of these cross-appeals are dismissed as moot. OCGA § 5-6-48 (b) (3).

*Judgment affirmed with direction in Case No. A93A1196. Case Nos. A93A1197, A93A1198, A93A1199, and A93A1200 dismissed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 20, 1993 —
RECONSIDERATION DENIED NOVEMBER 9, 1993 ▮▮▮▮▮▮

Madeleine Jacobsen, *pro se.*
*Glenville Haldi,* pro se.
*Freeman & Hawkins, H. Lane Young II, Thomas F. Wamsley, Jr.,* for Boyle.