MIKELL, Judge.
 

 Carl G. Fambro, Evaristus Oshiokpekhm, Isaac Eferighe, Paul Harmon, Winston Lawson, Roy West, and Tyrone Evans (the "plaintiffs") filed a petition for equitable relief against Local MG, LLC (the "LLC"), and Carol A. Ervin, Bobby J. Brown, Sr., and Sherman Outler, among others (collectively, the "defendants").
 
 [1]
 
 The trial court subsequently allowed appellee John L. Turner to intervene to assert a claim for unpaid salary. The plaintiffs sought, among other things, the dissolution of the LLC, an accounting of the LLC's finances, and a declaratory judgment defining the rights and obligations of the parties under their Organizer Contribution Agreement. Following a bench trial, the trial court awarded Turner $92,417, and determined the amounts the plaintiffs and defendants either owed or were entitled to be reimbursed under the Contribution Agreement. The trial court also granted the petition for dissolution of the LLC.
 

 In Case Nos. A08A0393, A08A0396, and A08A0397, Ervin, Brown, and Outler, respectively, appeal the trial court's judgment filed March 6, 2007, and the August 6, 2007 order denying their motion for new trial. In Case No. A08A0394, Ervin appeals from the trial court's August 28, 2007 order dismissing her motion to set aside the judgment. In Case No. A08A0395, Ervin, Brown, and Outler appeal from the trial court's August 28, 2007 order dismissing
 

 **720
 

 Ervin's motion to set aside. All the appeals are pro se. We have consolidated the appeals into this opinion. We affirm the judgment in all cases for the reasons set forth below.
 

 Viewed in a light most favorable to the trial court's findings,
 
 [2]
 
 the evidence shows that this dispute arose from the efforts of the plaintiffs and defendants to form a bank to be known as the Local Bank of Middle Georgia. Plaintiffs and the individual defendants
 
 [3]
 
 were signatories to an Organizer Contribution Agreement (the "Contribution Agreement") in which they agreed to underwrite the organizational expenses of the bank. The parties agreed that if the efforts to form the bank failed or the project was abandoned, "each Organizer will be responsible for his or her pro rata portion of all organizational expenses paid, plus those for which the Organizers have become liable."
 

 *723
 
 The LLC was created to handle the bank's start-up operations and business dealings.
 

 After the bank received its charter, the bank hired Turner to be its president. Under the employment agreement, Turner was entitled to continue to receive his base salary of $8,333 a month in the event the bank's board of directors decided to forego efforts to open the business. This severance obligation was personally guaranteed by the plaintiffs and the individual defendants, including appellants Brown, Ervin, and Outler. The LLC paid Turner's salary through June 2005, and certain of the plaintiffs continued to make payments to Turner through January 2006.
 

 Meanwhile, a rift developed between the plaintiffs and defendants after the officers of the LLC, of which Ervin was the chairman, were not chosen to continue as officers of the bank. After efforts to sell bank stock were subsequently unsuccessful, a majority of the organizers decided to cease further attempts to raise capital in June 2005, and so the bank venture failed. The plaintiffs subsequently filed this action to determine the organizers' responsibilities under the Contribution Agreement and to dissolve the LLC.
 

 The trial court determined that the plaintiffs and defendants, collectively, had previously contributed $418,346 to the bank organization venture. The trial court further concluded that the plaintiffs and defendants, as guarantors of Turner's employment contract, owed Turner $92,417, which amount constituted $72,656 in remaining salary, $10,990 to account for tax and social security
 

 **721
 

 obligations in connection with the salary, and $8,771 in attorney fees. The trial court then calculated that, pursuant to the Contribution Agreement, each individual plaintiff's and defendant's pro rata share of the $510,763 total contribution expenses was $46,433. By comparing this pro rata share to each party's previous contributions, the trial court calculated the amounts either owed to or owed by each plaintiff and defendant. Those persons who owed money were ordered to pay the amounts into the superior court registry, with disbursements to be made first to Turner and his counsel and then to Ervin and Fambro, who were the only persons who had contributed more than their pro rata share. The trial court subsequently denied the defendants' motion for a new trial and then dismissed Ervin's motion to set aside the judgment. These appeals followed.
 

 Case No. A08A0393
 

 1. In her first claim of error, Ervin contends that "the superior court lacks jurisdiction and erred in adjudication of attendant taxes and fees infinite." She argues that the trial court erred in finding members of the LLC directly liable for Turner's unpaid social security taxes, in failing to define the extent of the tax liability, and that jurisdiction for the determination of the tax liability lay with the federal courts. As authority for these arguments, Ervin shows that the employer is liable for withholding FICA taxes, and "and shall not be liable to any person for the amount of any such payment."
 
 [4]
 
 She also points to
 
 18 USC § 3231
 
 , which provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."
 

 We find no merit in Ervin's arguments. The trial court concluded that the guarantors of Turner's employment contract, including Ervin, were responsible for paying his severance package. Ervin does not show these amounts were computed in error. The determination of the amount owed to Turner was, in part, based on Turner's tax obligations, but are not a payment of tax by the guarantors. Rather, the trial court found these amounts were "owed to Turner." The amount to be paid is definite. Ervin's jurisdictional argument fails inasmuch as this case does not involve an offense against the laws of the United States. We find no error.
 

 2. Ervin claims that the trial court erred in holding her, as a member and manager of the LLC, liable "for the debts of the corporation not party to the civil action." She relies on OCGA § 14-11-303(a), which provides that "[a] person who is a member ...
 

 **722
 

 of a limited liability company is not liable, solely by reason of being a member, ...
 

 *724
 
 for a debt, obligation, or liability of the limited liability company ... or for the acts or omissions of any other member." Ervin's arguments are misplaced because her liabilities arose from her contractual obligations as a party to the Contribution Agreement and as a personal guarantor of Turner's employment agreement and not on account of her interest in the LLC.
 
 [5]
 

 3. Ervin contends that the trial court improperly dissolved the LLC. We disagree. The plaintiffs and the defendants, including Ervin, petitioned the trial court to dissolve the LLC. The trial court then directed that the LLC be dissolved in accordance with OCGA § 14-11-603. This statute provides, in applicable part, that "[o]n application by or for a member, the court may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or a written operating agreement."
 
 [6]
 
 Given that the plaintiffs and defendants agreed that the LLC be dissolved, the trial court did not err in concluding that it was not reasonably practicable to carry on the business. To the extent Ervin contends that the trial court otherwise erred, her arguments are unsupported by reference to the record or not relevant to the order of dissolution.
 

 4. Ervin contends that the trial court erred "when it treated the LLC as if [it] had converted to a corporation when it merged the corporation's debts with LLC expenses in its dissolution action." We fail to see that such a conversion or merger is reflected by the trial court's order.
 

 5. Ervin claims that the trial court erred in allowing Turner to intervene to assert his claim for unpaid salary because Turner's claim was unrelated to the plaintiffs' petition for equitable relief. We disagree.
 

 OCGA § 9-11-24(b)(2) provides that anyone may be permitted to intervene in an action "[w]hen an applicant's claim or defense and the main action have a question of law or fact in common." In the main action, the plaintiffs asked for a judgment declaring the rights and obligations of the parties to the Contribution Agreement. The guarantors of Turner's employment contract were also signatories to the Contribution Agreement. Turner was hired as president of the bank to be organized pursuant to the Contribution Agreement. Given that there were questions of law or fact in common and
 

 **723
 

 defendants fail to show any undue delay or prejudice to the rights of the original parties, the trial court did not abuse its discretion in allowing Turner to intervene.
 
 [7]
 

 6. Ervin further contends that the trial court erred in denying her motion for a new trial, although her arguments on appeal are not addressed to the merits of the trial court's decision to deny the motion. Rather, she argues that the trial court erred by requiring the defendants post a $75,000 supersedeas bond or have their appeal dismissed. However, this appeal having been heard, "the matter of the bond is moot."
 
 [8]
 
 We note that although the defendants apparently did not post the supersedeas bond, a failure to post a supersedeas bond does not, as a general rule, bar the appeal.
 
 [9]
 
 Ervin shows no grounds for overturning the trial court's denial of her motion for new trial.
 

 Case Nos. A08A0394 and A08A0395
 

 7. In these appeals, Ervin, Brown, and Outler contend that the trial court erred
 
 *725
 
 in dismissing Ervin's motion to set aside
 
 [10]
 
 the trial court's order filed March 6, 2007. Pretermitting whether Brown and Outler have standing to appeal the dismissal, we disagree. The trial court dismissed Ervin's motion to set aside because it was made pro se while she was represented by counsel.
 
 [11]
 
 The record shows that Ervin's attorneys, who had represented her in the proceedings on motion for new trial, did not move to withdraw from representation until after she filed her motion to set aside and after the trial court's order dismissing the motion to set aside. "[Ervin] cannot attempt to represent herself by filing pro se pleadings, while at the same time she is represented by counsel of record."
 
 [12]
 
 Ervin contends that her
 

 **724
 

 attorneys withdrew from their representation before she filed her motion to set aside, and she faults her attorneys for not filing a timely motion to withdraw. But even if there were fault on the part of Ervin's counsel in failing to file a timely motion to withdraw, it does not demonstrate any error on the part of the trial court.
 

 Case Nos. A08A0396 and A08A0397
 

 8. In these cases, Brown and Outler appeal from the trial court's March 6, 2007 judgment and its August 6, 2007 order denying defendants' motion for new trial. Their first six claims of error and associated arguments mirror those asserted by Ervin and considered in Divisions 1 through 6 supra.
 
 [13]
 
 For the same reasons, we find no error.
 

 9. Brown and Outler also contend that the trial court erred by not enforcing the March 6, 2007 judgment by requiring plaintiff Tyrone Evans to pay $33,405. They argue that as of October 23, 2007, Evans had failed to comply with the trial court's order. However, these claims are not supported by reference to the record. Further, Brown and Outler fail to show that any error by the trial court is responsible for Evans's purported failure to abide by the judgment. Accordingly, we find no merit in this argument.
 

 10. Brown and Outler further maintain that the trial court erred in including plaintiffs' unauthorized expenditures in calculating the total amount of contributions, particularly $2,497 in certain advertising costs, $4,340 in certain lease costs, and $2,544 for an administrative assistant's salary. We disagree.
 

 Brown and Outler provide no reference to the record to assist this Court in assessing whether these expenses were unauthorized by the Contribution Agreement. In the March 6, 2007 order, the trial court wrote that "[a]lthough there was some dispute as to the propriety and necessity for some of the expenses that were incurred and paid, the conclusion of the Defendants that certain expenses were not necessary is unsupported by any of the evidence presented." Brown and Outler do not show otherwise. "Upon appellate review, factual findings made after a bench trial shall not be set aside unless clearly erroneous, and due regard shall be given to the
 

 **725
 

 opportunity of the trial court to judge the credibility of the witnesses."
 
 [14]
 

 Brown and Outler do point out by reference to the record that certain funds were deposited by the plaintiffs in the "FRANCARS INC" account rather than the LLC account. However, the trial court heard evidence
 
 *726
 
 regarding the FRANCARS account, and the record shows that disbursements from this account, particularly to Turner, were related to the bank venture contemplated by the Contribution Agreement. Inasmuch as we may not overturn the trial court's findings of fact if supported by any evidence,
 
 [15]
 
 we cannot conclude that the trial court erred in finding that certain funds deposited by the plaintiffs into this account were contributions for purposes of the Contribution Agreement.
 

 For the foregoing reasons, we find no error in the orders appealed.
 
 [16]
 

 Judgment affirmed.
 

 SMITH, P.J., and ADAMS, J., concur.
 

 Raymond Corbin was named as a defendant but is not an appellant. Joe Ervin, General Granville, and Eugene Merriday were also named or added as defendants but were dismissed as parties before trial.
 

 See
 
 Realty Lenders v. Levine,
 

 286 Ga.App. 326
 
 , 326-327,
 
 649 S.E.2d 333
 
 (2007) (on appeal from the entry of judgment in a bench trial, evidence is viewed in light most favorable to the trial court's findings of fact).
 

 Plaintiffs constitute seven of the original thirteen parties to the Contribution Agreement. The other six signatories were appellants Brown, Ervin, and Outler, as well as Corbin, Granville, and Merriday.
 

 26 U.S.C. § 3403
 
 .
 

 In her reply brief Ervin makes several new substantive arguments which were not asserted in her appellate brief. However, "[Ervin] may not, in [her] reply brief, assert a completely new argument that was not made in [her] original enumerations of error." (Footnote omitted.)
 
 Miners v. State,
 

 250 Ga.App. 443
 
 , 446(3),
 
 550 S.E.2d 725
 
 (2001).
 

 OCGA § 14-11-603(a).
 

 See, e.g.,
 
 Allgood v. Ga. Marble Co.,
 

 239 Ga. 858
 
 , 859,
 
 239 S.E.2d 31
 
 (1977) ("[w]hether permissive intervention should be granted is a question addressed to the sound discretion of the trial court") (citations omitted).
 

 (Citation omitted.)
 
 Ruskin v. AAF-McQuay, Inc.,
 

 284 Ga.App. 49
 
 , 53(2),
 
 643 S.E.2d 333
 
 (2007).
 

 Id.
 
 Accordingly, we deny Turner's motion to dismiss the appeal. We also deny Turner's motions to dismiss the appeals in Case Nos. A08A0394, A08A0395, A080396, and A08A0397. We further deny the defendants' corresponding motions to dismiss Turner's motions to dismiss.
 

 In substance, this was a motion for new trial because it did not assert grounds for setting aside the judgment under OCGA § 9-11-60(d). See
 
 Martin v. Williams,
 

 263 Ga. 707
 
 , 708(1),
 
 438 S.E.2d 353
 
 (1994). Turner's contention that the defendants were required to appeal by discretionary application is therefore unfounded. See
 
 id.
 

 Ervin represented herself at trial, but she was represented by counsel in the motion for new trial.
 

 Jacobsen v. Haldi,
 

 210 Ga.App. 817
 
 , 819(1),
 
 437 S.E.2d 819
 
 (1993). See also
 
 Seagraves v. State,
 

 259 Ga. 36
 
 , 39,
 
 376 S.E.2d 670
 
 (1989) ("layperson does not have the right to represent himself and also be represented by an attorney") (citation omitted).
 

 Brown and Outler claim that (i) the superior court lacked jurisdiction and erred in awarding taxes and fees; (ii) erred in holding them personally liable for the debts of a corporation not party to the civil action; (iii) erred in dissolving the LLC; (iv) erred in merging corporate debt with LLC expenses; (v) erred in allowing Turner to intervene; and (vi) erred in denying defendants' motion for new trial.
 

 (Citations and punctuation omitted.)
 
 Sam's Wholesale Club v. Riley,
 

 241 Ga.App. 693
 
 ,
 
 527 S.E.2d 293
 
 (1999).
 

 McDilda v. Norman W. Fries, Inc.,
 

 278 Ga. App. 51
 
 ,
 
 628 S.E.2d 195
 
 (2006) ("[o]n appeal, a trial court's factual findings in a bench trial must be deferred to when supported by any evidence") (citation omitted).
 

 Plaintiffs' and Turner's motions for frivolous appeal sanctions are denied in all cases.