# Court of Appeals
# of the State of Georgia

ATLANTA, October 1, 2013

*The Court of Appeals hereby passes the following order:*

**A13A2331. SPONSLER v. WACHOVIA BANK, N. A.**

Appellee Wachovia Bank, N. A., moved this Court to dismiss the instant appeal on the ground that we lack jurisdiction to consider it. The record reveals that appellant Jeffery Sponsler, acting pro se, prematurely filed a notice of appeal on April 1, 2013, following a verdict in his favor. He amended the notice of appeal on May 20, 2013. Sponsler, however, was represented by counsel until May 30, 2013, when counsel was permitted to withdraw; and counsel did not file a notice of appeal on Sponsler's behalf. The 30-day period within which to file a proper, timely notice of appeal from the trial court's April 29, 2013 final judgment expired on May 29, 2013. See OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]").

"The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." (Citation omitted.) *Hardrick v. Morgan*, 240 Ga. App. 155 (522 SE2d 742) (1999). When a proper notice of appeal has not been timely filed, this Court lacks jurisdiction to consider the appeal and it must be dismissed. *Bailey v. McNealy*, 277 Ga. App. 848, 849 (2) (627 SE2d 893) (2006). See also OCGA § 5-6-48 (b) (1) (no exception to the rule that an untimely filed notice of appeal must be dismissed).

In this case, no proper and timely notice of appeal was filed because Sponsler's pro se notice of appeal and amended notice of appeal were nullities. The Supreme

Court has made it clear that, "a layperson does not have the right to represent himself and also be represented by an attorney[.]" (Citation omitted.) *Seagraves v. State*, 259 Ga. 36, 38 (376 SE2d 670) (1989); *Jacobsen v. Haldi*, 210 Ga. App. 817, 819 (437 SE2d 819) (1993) (accord). Therefore, "[Sponsler] cannot attempt to represent [himself] by filing pro se pleadings, while at the same time [he] is represented by counsel of record." (Footnote omitted.) *Ervin v. Turner*, 291 Ga. App. 719, 723-724 (7) (662 SE2d 721) (2008). Because Sponsler's notice of appeal was unauthorized and without effect, it did not constitute a proper notice of appeal. See id. See also *Williams v. Moody*, 287 Ga. 665, 669 (2) (697 SE2d 199) (2010) (A pro se motion filed by a convicted defendant while represented by counsel is unauthorized and without effect.)

Because no proper and timely notice of appeal was filed in this case, this appeal is hereby ordered DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, October 1, 2013*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ *, Clerk.*