McFadden, Presiding Judge, dissenting.
I respectfully dissent because we do not have jurisdiction. Appellant filed pro se notices of appeal while still represented by counsel, so her pro se filings are invalid, and we must dismiss the appeal. On remand the juvenile court must determine whether Appellant was denied her constitutional or statutory right to counsel and, if so, whether a remedy is available.
"It is well established that this [c]ourt has a solemn duty to inquire into our jurisdiction to review the errors enumerated on appeal, and it is a duty we do not take lightly." Ford v. Ford , 347 Ga. App. 233, 233, 818 S.E.2d 690 (2018) (citation and punctuation omitted). "The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." Smith v. McTaggart , 343 Ga. App. 144, 145, 806 S.E.2d 229 (2017) (citation and punctuation omitted). "In the absence of a timely filed notice of appeal, this [c]ourt is without jurisdiction to consider the merits of the case, and the appeal in [the] case must be dismissed." Parker v. Robinson , 337 Ga. App. 362, 364 (1), 787 S.E.2d 317 (2016) (citation and punctuation omitted). It appears from the record in this case that a proper and timely notice of appeal was never filed.
The record shows that after the petition for dependency was filed, the mother submitted a motion for appointment of counsel to represent her, due to financial hardship, pursuant to OCGA § 15-11-103. That code section provides: "A child and any other party to a proceeding under this article shall have the right to an attorney at all stages of the proceedings under this article." OCGA § 15-11-103 (a) (emphasis supplied). That code section further provides:
A party other than a child shall be informed of his or her right to an attorney prior to any hearing. A party other than a child shall be given an opportunity to: (1) Obtain and employ an attorney of such party's own choice; (2) Obtain a court appointed attorney if the court determines that such party is an indigent person; or (3) Waive the right to an attorney, provided that such waiver is made knowingly, voluntarily, and on the record.
OCGA § 15-11-103 (g). "In addition, the [Juvenile] Code recognizes that the parent is a 'party' to proceedings involving [her] child." Sanchez v. Walker County Dept.of Family & Children Svcs. , 237 Ga. 406, 410, 229 S.E.2d 66 (1976) (citation omitted). See OCGA § 15-11-2 (52). See also In the Interest of C. H. , 343 Ga. App. 1, 9-11 (1), 805 S.E.2d 637 (2017) (discussing parent's right to counsel in dependency actions).
The record before us does not include an order ruling on the mother's motion for appointment of counsel due to financial hardship. However, counsel was apparently appointed since an attorney appeared with the mother and represented her at the August 30, 2017 evidentiary hearing on the dependency petition. After the hearing, the juvenile court entered an order of disposition noting, among other things, that the mother and her attorney had been present at the hearing. A copy of that order was sent to mother's attorney. The same attorney also appeared and represented the mother at another hearing held on October 11, 2017. After that hearing, the juvenile court entered an order noting that the attorney for the mother had been present at the hearing, and a copy of that order was sent to the mother's attorney. Approximately two weeks after that hearing, on October 27, 2017, the mother filed a pro se notice of appeal.
On November 22, 2017, the mother appeared at a juvenile court hearing without her attorney. Upon inquiry by the court, the mother stated that she had applied for court appointed counsel, but that she would represent herself at that hearing. The record also contains two orders indicating that the mother appeared pro se at two other hearings, in January and February of 2018, although the record before us does not include transcripts of those hearings. The mother then filed another pro se notice of appeal on February 9, 2018.
Thereafter, it appears from the record that the mother's attorney submitted an evidence list for an April 2018 hearing. And on May *847 24, 2018, the attorney appeared at and represented the mother during another juvenile court hearing. No notices of appeal other than the mother's two previous pro se notices have been filed, and the appeal was subsequently docketed in this court on August 6, 2018.
After the attorney appeared in court and represented the mother, she could only withdraw from such representation by submitting to the juvenile court a written request for an order permitting such withdrawal. See Uniform Juvenile Court Rule 25.2 (withdrawal of counsel "shall be in conformity with Superior Court Rule 4.3") and Uniform Superior Court Rule 4.3 (1) (attorney appearing of record in any pending matter who wishes to withdraw as counsel for any party shall submit a written request to the court for an order permitting such withdrawal). It is well established that "[a] formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. Until such an order properly is made and entered, no formal withdrawal can occur and counsel remains counsel of record." Tolbert v. Toole , 296 Ga. 357, 362 (3), 767 S.E.2d 24 (2014) (citation and punctuation omitted).
In this case, the record contains no written request to withdraw by the mother's attorney and no order from the juvenile court permitting such withdrawal. It is certainly possible, as the majority suggests, "that the juvenile court gave counsel permission to withdraw[.]"
But Georgia has adopted a statutory right to counsel in dependency and termination-of-parental-rights cases. O.C.G.A. §§ 15-11-103 (a) ; 15-11-262 (j). And in some circumstances, at least in termination cases, federal constitutional "due process calls for the appointment of counsel for indigent parents[.]" Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C. , 452 U.S. 18, 31-32, 101 S. Ct. 2153, 2162, 68 L. Ed. 2d 640 (1981). So if an indigent parent is to be stripped of representation of counsel, the juvenile court must cut square corners.
As it appears that no formal withdrawal ever occurred and that the mother was still represented by counsel at the time she filed the pro se notices of appeal. "[A] layperson does not have the right to represent [her]self and also be represented by an attorney. [So the mother] cannot attempt to represent herself by filing pro se pleadings, while at the same time she is represented by counsel of record." Jacobsen v. Haldi , 210 Ga. App. 817, 819 (1), 437 S.E.2d 819 (1993) (citations and punctuation omitted). See Ervin v. Turner , 291 Ga. App. 719, 723 (7), 662 S.E.2d 721 (2008) (party could not file pro se motion to set aside a judgment while still represented by counsel). See also Hernandez-Ramirez v. State , 345 Ga. App. 402, 403, 812 S.E.2d 798 (2018) (pro se motion filed by defendant while still represented by counsel was a nullity).
Consequently, the pro se notices of appeal filed by the mother while still represented by counsel were invalid. Absent a proper and timely filed notice of appeal, we are without jurisdiction to consider the appeal and it must be dismissed. See Parker , supra. As explained by our Supreme Court, where a "pro se notice of appeal [has] been sent to the Court of Appeals with the record, the appeal would properly [be] dismissed ... on the ground that the notice of appeal was invalid because [the defendant] was not actually pro se when [s]he filed it[.]" Tolbert , supra at 363 (3), 767 S.E.2d 24. Accordingly, the instant appeal must be dismissed.
But our Supreme Court has recognized that, at least in termination cases, federal constitutional due process can, in a proper case, entitle a parent whose right to counsel has been denied to the remedy of out-of-time appellate review. In Interest of B.R.F , 299 Ga. 294, 298-99, 788 S.E.2d 416, 419-20 (2016) following Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C. , 452 U.S. 18, 31-32, 101 S. Ct. 2153, 2162, 68 L. Ed. 2d 640 (1981). That determination must be made, in the first instance, by the juvenile court. In Interest of B.R.F , 299 Ga. at 299, 788 S.E.2d 416. That determination will entail a determination whether Lassiter is limited to termination cases. But it will also entail consideration, in the first instance, of "the possibility that an indigent parent's statutory right to counsel should be construed as a statutory right to effective counsel at all stages of the proceeding, with a corresponding remedy if *848 counsel is ineffective." Id., 299 Ga. at 300, n. 15, 788 S.E.2d 416.