# Court of Appeals
# of the State of Georgia

ATLANTA,  March 06, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1379.  BETTY SCOTT v. BANK OF AMERICA.**

In this civil action, the trial court granted summary judgment to Bank of America – one of several defendants – on November 26, 2019.  On December 23, 2019, plaintiff Betty Scott filed a pro se notice of appeal.  Because Scott was then represented by counsel, her December 23 notice of appeal – which the trial court properly disregarded – is a nullity.  See *Tolbert v. Toole*, 296 Ga. 357, 361-363 (3) (767 SE2d 24) (2014); *Jacobsen v. Haldi*, 210 Ga. App. 817, 818-819 (1) (437 SE2d 819) (1993).

In an order entered on February 7, 2020, the trial court: (i) granted Scott's counsel's motion to withdraw from representing her; (ii) denied Scott's motion to recuse the trial judge; (iii) granted two defendants' requests for OCGA § 9-15-14 (b) attorney fees; (iv) continued the matter to a trial calendar in mid-March 2020; and (v) ordered the parties to file a pre-trial summary.  On February 11, 2020, Scott filed a second pro se notice appeal, once again seeking review of the November 26 order.[1]  We lack jurisdiction.

Although the grant of summary judgment on any issue or as to any party may be appealed directly under OCGA § 9-11-56 (h), a notice of appeal must be filed within 30 days of the order sought to be appealed.  See OCGA § 5-6-38 (a).  Scott's February 11 notice of appeal was untimely filed 77 days after the November 26 order,

---

[1] Scott's second notice of appeal is dated December 23, 2019, but was not filed in the trial court until February 11, 2020 – it appears that Scott simply re-filed her prior notice of appeal at that time.

thereby depriving us of jurisdiction to review that order. See *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) ("The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court.") (punctuation omitted).

To the extent that Scott's pro se notice of appeal may be liberally construed as seeking appellate review of the trial court's February 7 order, she was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to initiate this appeal, because this action remains pending in the trial court. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). Her failure to do so deprives us of jurisdiction to review the February 7 order. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

For each of the above reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   03/06/2020*
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*