44905. NOVA GROUP, INC. v. M. B. DAVIS ELECTRIC COMPANY, INC.
(364 SE2d 833)

HUNT, Justice.

We granted certiorari to the Court of Appeals' unpublished opinion in *Nova Group, Inc. v. M. B. Davis Electric Co.,* 183 Ga. App.

---

8

XXVII (1987) to determine whether the Court of Appeals properly dismissed this appeal because it was filed directly rather than by application under OCGA § 5-6-35. We reverse.

After the trial court entered a default judgment against Nova, Nova filed a pleading entitled "Motion to Set Aside Judgment or in the Alternative Motion for New Trial." The trial court denied the motion, and Nova's direct appeal to the Court of Appeals was dismissed. The Court of Appeals held that the pleading filed in the trial court "could be considered viable only as a motion to set aside judgment pursuant to OCGA § 9-11-60," and that such appeals are discretionary under OCGA § 5-6-35 (a) (8).

Nova argues that its appeal is from the denial of a motion for new trial, and as such is directly appealable. If the damages in this contract action are unliquidated, Nova would have been entitled to an evidentiary hearing on the issue of damages under OCGA § 9-11-55 (a). In that case, its motion for new trial was an appropriate means to request such a hearing, which, apparently, did not take place, and the denial of that motion was directly appealable. Accordingly, this case is reversed with direction that the Court of Appeals determine whether the damages in this case are unliquidated, see generally *Hazlett & Hancock Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25, 26 (2) (351 SE2d 218) (1986) and, if so, treat this case as a direct appeal.

*Judgment reversed with direction. All the Justices concur.*

DECIDED FEBRUARY 4, 1988 —
RECONSIDERATION DENIED FEBRUARY 18, 1988.

*Gilbert, Whittle & Harrell, James E. Graham,* for appellant.
*John B. Degonia, Jr.,* for appellee.