A93A1702. GOODING v. BOATRIGHT.
(438 SE2d 685)

COOPER, Judge.

Richard Boatright died testate, nominating his daughter, appellant Margaret Boatright Gooding, as executrix of his estate. She filed Boatright's will for probate in solemn form. Before letters testamentary were issued to Gooding, the decedent's surviving spouse, appellee

Dorothy Boatright, brought a petition against the estate of her late husband for year's support. In her application to the probate court, appellee listed appellant as the nominal executrix of the estate under Richard Boatright's will and caused citation of the petition to be served upon her by mail. Appellant did not file any timely objection to appellee's petition and on October 22, 1992, the probate court entered an order awarding appellee certain property of the estate as year's support. On November 9, eighteen days after the entry of the order awarding appellee year's support, appellant made her first appearance of record in that proceeding by filing a caveat. On November 10, she moved to vacate the award of year's support and on November 17 she filed a motion for new trial. In a single order, the probate court denied both of appellant's motions and she brings this direct appeal.

We must initially determine whether the jurisdiction of this court has been properly invoked by the filing of a notice of appeal from the single order of the probate court denying both appellant's motion for new trial and her motion to vacate judgment. "It is the duty of this court on its own motion to inquire into its jurisdiction." (Citation and punctuation omitted.) *Cole v. Cole*, 205 Ga. App. 332 (1) (422 SE2d 230) (1992). The basis for both motions is the allegation that appellant did not receive proper notice of appellee's petition for year's support prior to the entry of judgment, although, in her motion to vacate, appellant admitted that she had received actual notice of the application for year's support. According to OCGA § 9-11-60 (c), a motion for new trial "must be predicated upon some intrinsic defect which does not appear upon the face of the record or pleadings." A motion for new trial generally is not a proper procedural vehicle to set aside a judgment. See, e.g., *Hightower v. Krystal Co.*, 204 Ga. App. 823 (420 SE2d 762) (1992). Compare *Nova Group v. M. B. Davis Elec. Co.*, 258 Ga. 7 (364 SE2d 833) (1988) (motion for new trial proper procedural vehicle to assert error in failure of trial court to conduct hearing on unliquidated damages, after defendant admitted liability by default). " 'Objections which go to the judgment only, and do not extend to the verdict, cannot properly be made grounds of a motion for new trial. A motion for new trial seeks to set aside the verdict. No new trial is necessary to correct a judgment or decree. If a judgment or decree is erroneous or illegal, direct exception should be taken to it at the proper time.' [Cits.]" *Barber v. Barber*, 157 Ga. 188 (1) (121 SE 317) (1924). "Where a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity. . . ." *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986). A jurisdictional defect such as the lack of notice alleged by appellant is properly the subject of a motion to set aside a judgment brought pursuant to OCGA § 9-11-60 (d) (1). See *Hawkins v. Walker*, 158 Ga. App. 562

(281 SE2d 311) (1981). However, appeal from the denial of a motion to vacate and set aside a judgment brought pursuant to OCGA § 9-11-60 (d) must be made by application to this court for discretionary appeal. OCGA § 5-6-35 (a) (8). An order which simultaneously denies both a motion for new trial and a motion to vacate or set aside a judgment is not directly appealable. "A careful reading of OCGA § 5-6-35 leads . . . to the inescapable conclusion that the legislature never intended for the application procedure to be circumvented [by coupling the motion to set aside with a motion for new trial]." *State Farm Mut. Auto. Ins. Co. v. Yancey*, 258 Ga. 802 (375 SE2d 39) (1989). There being no viable motion for new trial in this proceeding for year's support and no compliance with the discretionary appeals provisions as to the motion to set aside the judgment, this court has no jurisdiction to consider the appeal. *Nova Group v. M. B. Davis Elec. Co.*, 187 Ga. App. 403 (370 SE2d 626) (1988). The appeal is accordingly dismissed.

*Appeal dismissed. Beasley, P. J., and Smith, J., concur.*

DECIDED DECEMBER 2, 1993.

*Karen D. Barr*, for appellant.
*Bignault & Associates, Lori A. Carter*, for appellee.

