# Court of Appeals
# of the State of Georgia

ATLANTA,  October 23, 2020

*The Court of Appeals hereby passes the following order:*

## A21A0234.  SPARROW  EXTERIORS,  LLC  v.  ALL  ROOFING CONSTRUCTION, LLC.

All Roofing Construction, LLC filed a breach of contract action against Sparrow Exteriors, LLC and served discovery contemporaneously therewith.  On December 16, 2019, the trial court entered an order striking Sparrow Exteriors' answer for failure to provide discovery. On December 18, 2019, Sparrow Exteriors sought reconsideration of that decision, but the trial court denied its request. All Roofing Construction then filed a motion for judgment on the pleadings and a motion for attorney's fees, pursuant to OCGA § 9-15-14. On February 3, 2020, the trial court granted All Roofing's motion for judgment on the pleadings, awarded damages, and scheduled a hearing to determine attorney fees's. Sparrow Exteriors filed a "Motion for New Trial," again asking the trial court to reconsider its decision to strike Sparrow Exteriors' answer. On April 21, 2020, the trial court denied the "Motion for New Trial." In a footnote, the trial court noted that although  that the motion purported to seek a new trial, it was "truly a motion for reconsideration of this Court's December 1[6], 2019 order." On April 24, 2020, Sparrow Exteriors filed a notice of appeal. Because the notice is untimely from the judgment, we lack jurisdiction to consider this appeal.

A notice of appeal must be filed within 30 days after entry of the appealable order. OCGA § 5-6-38 (a). The proper and timely filing of the notice of appeal is an absolute requirement to confer appellate jurisdiction upon this Court. See *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995). In this case, judgment on the pleadings was entered on February 3, and Sparrow Exteriors filed its notice of appeal on April

24, which was 81 days later.

Regardless of whether Sparrow Exteriors' "Motion for New Trial" is best construed as a motion for new trial or, as the trial court observed, as a motion for reconsideration, it does not make the notice of appeal timely. A motion for new trial tolls the time to appeal from the judgment, but a party cannot move for a new trial if no trial has been had. See *Gooding v. Boatright*, 211 Ga. App. 221, 222 (438 SE2d 685) (1993) ("Objections which go to the judgment only, and do not extend to the verdict, cannot properly be made grounds of a motion for new trial") (punctuation omitted). See also *Debter v. Stephens*, 297 Ga. 652 (777 SE2d 244) (2015) (motion for new trial is not a proper vehicle for challenging the grant of summary judgment). "Where a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing the notice of appeal." *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986). In this case, the final judgment was a judgment on the pleadings, so a motion for new trial was not an appropriate vehicle for challenging the trial court's ruling. See *Gooding*, 211 Ga. App. at 222. Accordingly, the motion did not operate to extend the time for filing a notice of appeal. See *Pillow*, supra.

Furthermore, to the extent the motion could be considered a motion for reconsideration, as it specifically asked the trial court to reconsider its findings related to discovery, it still would not make the notice of appeal timely. Motions for reconsideration do not extend the time to appeal from the underlying decision, and the order resolving the motion is not subject to direct appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000) ("a motion for reconsideration does not toll the time for filing a direct appeal").

In sum, no timely appeal was filed from the trial court's February 3, 2020 order granting judgment on the pleadings. The notice of appeal – filed 81 days after entry of the order granting the motion for judgment on the pleadings – does not confer jurisdiction. See OCGA § 5-6-38 (a). We therefore lack jurisdiction over this untimely appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,__10/23/2020_____*
 *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*