# Court of Appeals
# of the State of Georgia

ATLANTA,  November 20, 2024

*The Court of Appeals hereby passes the following order:*

**A25D0111. LEOPOLDO'S PIZZA NAPOLETANA, INC. et al v. JESSICA MAXWELL AS ADMINISTRATOR FOR THE ESTATE OF ANNA LYNN JONES, DECEASED.**

Jessica Maxwell filed this tort action against Leopoldo's Pizza Napoletana, Inc. and its owner, Federico Leopoldo Gimenez (collectively, "Leopoldo's").[1] Following an evidentiary hearing, the trial court entered a final default judgment against Leopoldo's for $1,740,402.95, plus costs. Leopoldo's filed a motion to set aside the default judgment or, alternatively, for a new trial on damages. The trial court denied the motion, and Leopoldo's filed this timely application for discretionary appeal. We conclude that Leopoldo's had a right of direct appeal here, and we therefore grant the application under OCGA § 5-6-35 (j).

The trial court's final judgment following the damages hearing was a directly appealable order. See *Brock Built City Neighborhoods v. Century Fire Protection*, 295 Ga. App. 205, 206 n. 1 (671 SE2d 240) (2008) ("[T]he entry of default judgment constitutes a final judgment and is directly appealable pursuant to OCGA § 5-6-34 (a) (1)[.]") Leopoldo's could have filed a notice of appeal within 30 days of that order. See OCGA § 5-6-38 (a). Instead, Leopoldo's filed a pleading that was, in part, a motion for new trial, which was a proper vehicle for challenging the default judgment damages award. See *Nova Group v. M. B. Davis Elec. Co.*, 258 Ga. 7, 8 (364 SE2d 833) (1988). The filing of this motion for new trial extended the time for Leopoldo's to

---

[1] The complaint also named a third defendant, who was later dismissed.

appeal "until 30 days after the ruling on the motion for new trial." *Turner v. Bynum*, 255 Ga. App. 173, 174-175 (1) (564 SE2d 784) (2002). See also OCGA § 5-6-38 (a). Thus, the trial court's order denying Leopoldo's motion for new trial was a directly appealable order. See *Nova Group*, 258 Ga. at 7-8 (ruling that denial of motion for new trial following default judgment was directly appealable); *PHF II Buckhead LLC v. Dinku*, 315 Ga. App. 76, 80-81 (2) (726 SE2d 569) (2012) (considering direct appeal from denial of motion for new trial on damages following default judgment). And Leopoldo's right of direct appeal included the right to challenge other rulings in the case, without regard to whether those other rulings independently would be directly appealable. See OCGA § 5-6-34 (d); *Martin v. Williams*, 263 Ga. 707, 709-711 (3) (438 SE2d 353) (1994).

This Court will grant a timely discretionary application if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application is hereby GRANTED. Leopoldo's shall have ten days from the date of this order to file a notice of appeal with the trial court, if it has not already done so. See OCGA § 5-6-35 (g). The clerk of the trial court is directed to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*

  *Clerk's Office, Atlanta,* __11/20/2024_____

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*